## HENRY EMERY vs. CITY OF LOWELL.

A city authorized a canal corporation to change the grade of a sewer into which a street was drained, and into which a house was also drained the owner of which consented to the corporation's making the change on its promise to hold him harmless from the consequences. The drain became obstructed, and the water flowed back into the house. *Held*, that the owner of the house could maintain an action against the city, if the obstruction was caused by its negligence in maintaining and using the sewer for the drainage of the street, although the change increased the liability to obstruction.

Under a declaration alleging that the defendants obstructed a drain so that water and filth flowed into the plaintiff's cellar, destroyed his property therein, and put him to trouble and expense to get the water out, the plaintiff may recover damages for any injury which affected his estate, or diminished its value for use and occupation, by reason of the inconvenience and annoyance of flooding the cellar, and of unwholesome or disagreeable smells, or of insects thereby generated or attracted to the house; and also his reasonable expenses in preventing or removing the nuisance, and of changes and repairs thereby rendered necessary and which he could not by reasonable care and diligence have avoided.

TORT. The declaration, as amended, contained the following two counts: 1. " And the plaintiff says that he is the owner of a private drain running from the cellar of his house on Merri-mack Street in Lowell under and across the street aforesaid, which he used for the purpose of draining the cellar under his said house; that the defendants entered a drain from the gutters of said street into the plaintiff's drain, and built the same in such an unskilful and careless manner that the sand and dirt were carried into the plaintiff's drain thereby, and choked the same up, and forced the water back through the plaintiff's drain into his cellar, and destroyed the property therein, and put him to great trouble and expense in getting said water out." 2. " And the plaintiff further says that he is the owner of a drain leading from the Merrimack House on Merrimack Street in Lowell under and across said street, which he used for the purpose of draining his cellar under said house; and that the defendants entered a drain from Merrimack Street into said drain, by which the filth, dirt and sand from Merrimack Street were washed into said drain ; that it was the duty of the defendants to keep said drain clear, and see that the same was not choked up, so that the water might flow through the same, and not flow back upon the plain-tiff's premises; but that the defendants, utterly regardless of their duty in the premises, permitted said drain to be choked up, so that the water would not flow through the same ; that, through the negligence and carelessness of the defendants, said drain be-came choked up, and the water and filth flowed back into the plaintiff's cellar, and destroyed his property therein, and put him to great trouble and expense ; and that the plaintiff notified the defendants that said drain was stopped up, and that by means thereof the water flowed back upon his cellar ; but that the de-fendants, although notified thereof, refused to clean out said drain so that the water would run through the same, and compelled the plaintiff at great trouble and expense to clean out the same." The answer denied all the allegations of the declaration.

At the second trial in this court, before *Wells*, J., after the decision reported 104 Mass. 13, it appeared that the plaintiff in 1845 became owner of the Merrimack House, a hotel in Lowell

and of a drain a foot in diameter, leading from the cellar of the house, across Merrimack Street and Moody Street, into a drain belonging to the Merrimack Manufacturing Company; that in 1847 the defendants gave to the Proprietors of Locks and Canals, a corporation, the privilege of constructing a feeder to the Merrimack Canal under Moody Street; that the feeder was constructed by the Proprietors of Locks and Canals in 1848; and that in constructing it they changed the grade of the plaintiff's drain, depressing it several feet, and making an inverted syphon under the feeder. There was evidence tending to show that the plaintiff consented to the construction of the feeder, upon the Proprietors of Locks and Canals acknowledging his right to the drain and promising to hold him harmless from any injury caused by the change of grade. It further appeared that the defendants constructed a cesspool under an opening in Merrimack Street, and connected the cesspool with the plaintiff's drain. The evidence was conflicting whether the cesspool was constructed before or after the feeder.

The plaintiff offered evidence tending to show that in 1867 the water flowed back from the drain into his cellar, was impregnated with the drainage of a stable which flowed into the drain a few feet from his premises, and emitted an offensive stench; that mosquitoes infested the house; that he removed partitions and flooring which were saturated with the offensive water, and removed his laundry to another part of the cellar, elevating the floor; that the city afterwards closed the communication between their cesspool and his drain; and that he found the syphon full of mud and street washings, had it cleaned out, and had no trouble with his drain since.

The defendants requested the judge to instruct the jury that if the cesspool was constructed before the feeder, and the alteration in the grade of the drain, made by the Proprietors of Locks and Canals, contributed to the stoppage of the water in the drain, the plaintiff could not recover; that "if the plaintiff agreed with the Proprietors of Locks and Canals to the alteration in the grade of the drain, and accepted their proposal to save him harmless from any injury occasioned thereby, he could

not recover damages of the defendants on account of the stoppage of the flow of water in the drain, if the alteration in the grade contributed to the stoppage of the water or wholly caused it ; " and that the plaintiff could not recover for any damage done to his real estate, nor for the expense of repairing his cellar or making changes therein or additions thereto, nor on account of the offensive odor, nor on account of the presence of mosquitoes.

The judge refused so to instruct the jury, and instructed them " that if that change was made by the plaintiff's authority, without reference to the city, then, so far as the injury resulted from that change, it must fall upon him as his own burden and loss ; but that, if he merely assented to a change which was made by the Proprietors of Locks and Canals under the authority of the city, then their respective rights and liabilities in reference to the drain would remain unchanged, and the city would be liable for neglect in respect to the maintenance and use of the drain for the drainage of the streets, although the liability to obstruction was increased by the change in the drain ; that, as to the measure of damages, the plaintiff was entitled to recover for whatever injury he suffered in respect of his property, whether real or personal, and whether the injury affected the property itself or rendered the use and occupation of it of less value by the inconvenience and annoyance of the flooding of the cellar, or by reason of the unwholesome or disagreeable smells or the annoyance from insects generated or attracted to the house thereby, and his reasonable expenses in preventing or removing the nuisance ; " but that he could not recover for improvements, nor for any changes or repairs except so far as rendered necessary by the flooding from the drain ; and that he could not recover for any damages which might have been averted by reasonable care and diligence on his part, either in preventing or removing the cause, or in opening the drain where it was obstructed under the feeder.

The jury returned a verdict for the plaintiff, and the defendants alleged exceptions.

*T. Wentworth & J. F. McEvoy*, for the defendants.

*T. H. Sweetser & W. S. Gardner*, for the plaintiff.

GRAY, J. When this case was before us at a former stage, it was held that under the amended declaration the city was liable to the plaintiff for damages caused to his estate by the improper construction of the drain by the city, as well as by its neglect to keep the drain in proper repair. 104 Mass. 13.

At the second trial, there was evidence tending to show that the subsequent change by the Proprietors of Locks and Canals in the grade of the drain was made by authority from the city ; and it was rightly ruled that, if the plaintiff merely assented to a change made therein by such authority, the city would be liable for neglect in respect to the maintenance and use of the drain for the drainage of the streets, although such change increased the liability to obstruction. Neither the plaintiff's assent to the alteration in the drain, nor his acceptance of the proposal of the Proprietors of Locks and Canals to save him harmless from any injury occasioned thereby, can affect his right to recover damages for such injury, if the city authorized the alteration.

The plaintiff, under the general allegation of damages in the writ, was entitled to recover for all injuries to his estate, which were the necessary or natural consequence of the acts of the city, alleged in the declaration. Gen. Sts. *c.* 129, § 2, *cl.* 3, and schedule of forms annexed to § 87. *Prentiss* v. *Barnes*, 6 Allen, 410. The jury were rightly instructed that such damages from the choking up of the drain and the causing of water and filth to flow back into the plaintiff's cellar included any injury which affected the estate itself, or diminished the value of its use and occupation, by reason of the inconvenience and annoyance of flowing the cellar, or of unwholesome or disagreeable smells, or of insects thereby generated or attracted to the house, and his reasonable expenses in preventing or removing the nuisance, and of changes and repairs thereby rendered necessary, and which he could not by reasonable care and diligence have averted.

*Exceptions overruled.*