JOSEPH E. WATSON ET UX. *vs.* THE TOWN OF NEW MILFORD.

First Judicial District, Hartford, January Term, 1900. ANDREWS, C. J., TORRANCE, BALDWIN, HAMERSLEY and HALL, Js.

While a town may construct and use drains to carry off from the premises the sewage of its public buildings, as well as the surface water from its highways, it is liable to the same extent as an individual for the direct injury which such sewage, if drained into a stream, causes to a riparian proprietor; and the fact that others may contribute to the injury does not relieve the town from liability.

Personal discomfort or inconvenience to the plaintiff from the nuisance is not essential to a recovery of at least nominal damages for such an injury.

A new trial will not be granted merely to obtain a slight reduction in damages already little more than nominal.

Prior to the present action all the school districts in the town, some of which used the sewers in question, were consolidated and taken charge of by the town. *Held* that the town, as such, and not the consolidated school district, was the proper party defendant.

The fact that the plaintiff himself had previously fouled the stream to the injury of those below him, does not operate as a license to those above him to use the stream in a similar way.

A stream may be so fouled as to give an action to riparian proprietors, notwithstanding cattle drink the water and fish live in it.

Evidence of what it would cost to remove offensive deposits so cast upon the plaintiff's premises is relevant to the question of damages.

Parol evidence of what was actually turned over to and held by the distributee of real estate may be admissible, where the land is described in such general terms as to leave its proper limits open to question.

A vote of the town authorized the building of the sewers in question, provided a certain sum were raised by voluntary contribution. *Held* that this vote was admissible, whether the action taken was or was not within the lawful powers of the town. *Held* also, that the annual reports of the selectmen showing what expenditures had been made for the sewers, were competent, notwithstanding the selectmen themselves might have been called and the original town accounts produced for this purpose.

That a construction contract was signed by the contractor only, does not impair its admissibility as evidence against the other party in favor of a stranger, if it was fully performed on both sides.

A bill of exceptions filed within five days after the allowance of the appeal, although after the expiration of the term, is seasonably filed under the provisions of Chap. 194, § 16, of the Public Acts of 1897.

A bill of exceptions affords no foundation for an enlargement of the judgment in favor of the appellee, if no appeal is taken by him and the point raised does not affect the validity of the judgment.

Argued January 3d,—decided January 19th, 1900.

ACTION for fouling a brook and mill privilege by the discharge of sewage, claiming damages and an injunction, brought to the Superior Court in Litchfield County and tried to the court, *Shumway, J.;* facts found, injunction refused, and judgment rendered for the plaintiff for $50 damages, and appeal by the defendant for alleged errors in the rulings of the court. *No error.*

The finding stated these facts: The plaintiffs' land is situated on Great Brook in New Milford. There are no buildings on it. To use it for buildings would require some pre-

vious filling on a part of it. It has been used for pasturage, and partly for cultivation, but yields now little income. The annual rental value is $75, and has not been substantially affected by the fouling of the brook. The court at the request of the parties viewed the premises, in the summer, when the water was low, and saw on the margin of the brook a sediment giving off odors of putrefying sewage, unwholesome and offensive; and also undissolved constituents of house sewage lying on the ground, offensive to the sight: at times of high water such conditions would not exist.

Since 1876 the sewage from the town-hall has been discharged through a drain, constructed by a village improvement association, into Great Brook above the plaintiffs' land. In 1893 all the school districts in the town were consolidated, and the town took charge of the public school-houses then erected. One of these then discharged its sewage into Great Brook, and ever since has.

The plaintiffs lived seven miles from their land in question. The waters of the brook, where it runs through it, are potable by cattle, and there are trout in it. This water-privilege has no value in its present condition.

In 1893 the defendant extended certain sewers through the plaintiffs' land and into the brook thereon, and has since maintained the same. These serve to carry off the surface water from streets, and also house sewage. Various houses have been connected with them for the discharge of their sewage into them, with the knowledge of the selectmen.

The town, by its use of the brook as a means of getting rid of the sewage from the town-hall and school-house, has, in connection with its use by citizens for carrying off the sewage from their houses, caused the state of things viewed by the court. The damage thus caused is not irreparable, but an injunction would be a proper remedy to prevent multiplicity of suits, should the town continue such use of the plaintiffs' premises for an unreasonable length of time hereafter. It was not found that the nuisance had prevented them from effecting a sale of the property.

Sundry exceptions were taken to rulings on evidence, which are sufficiently stated in the opinion.

A bill of exceptions by the plaintiffs was also allowed to the denial of their claim for an injunction.

*Leonard J. Nickerson*, with whom was *John F. Addis*, for the appellant (defendant).

*James H. McMahon* and *Frederic M. Williams*, for the appellees (plaintiffs).

BALDWIN, J.  Towns may build town-houses and any necessary outbuildings.  General Statutes, § 130; *White* v. *Stamford*, 37 Conn. 578, 586.  If by connecting with a sewer they can save the expense of outbuildings or better accomplish the purposes these might otherwise serve, a reasonable construction of the statute gives them the right so to do.

School districts have similar powers, and in case of consolidation the town succeeds to the possession of their property and the responsibilities attaching to such possession.  General Statutes, Title 35, Chapters 135, 136; Public Acts of 1893, p. 410, Chap. 265.

A building owned by a municipal corporation could not be relieved of the rain water falling upon the roof, by precipitating it through a spout upon the lands of adjoining proprietors.  Their rights may be equally invaded by the discharge of sewage from it upon their premises.  In these respects a municipality has no greater immunities than any private landowner.

A nuisance was created upon the plaintiffs' land by the deposit of sewage and sediment from sewage, offensive from its appearance or its smell.  The use of the sewers which receive the surface drainage from highways, and of that built by the village improvement association, by the defendant, to carry off the sewage from its public buildings, contributed to this injury.  That others also contributed to it, and perhaps more largely, did not relieve the town from liability.  *Morgan* v. *Danbury*, 67 Conn. 484, 496.

That the plaintiffs suffered no personal inconvenience from the nuisance, because they did not reside in the vicinity, is

immaterial.   They were entitled to nominal damages at least, for the offensive condition of things upon their land, even if they never visited it, and although its rental and selling value remained unimpaired.   *Watson* v. *New Milford Water Co.*, 71 Conn. 442.   If those assessed can be regarded as substantial, they are still so small in amount that no new trial should be granted for their reduction.   *Buddington* v. *Knowles*, 30 Conn. 26 ; *Holbrook* v. *Bentley*, 32 id. 502, 508.

The action was well brought against the defendant as a town, and not as a consolidated school district.   It is a single corporation, and the consolidation simply threw upon it additional powers and duties.   It maintained as a town a nuisance previously created by a district.

That the plaintiffs in prior years had discharged sewage and dyes from a hat shop on their premises into the brook, did not bar their right of recovery.   If they had thus fouled the brook to the injury of landowners below them, it did not operate as a license to landowners above them to use it in a similar way.

That the water remained potable by cattle and inhabitable by fish was unimportant except in mitigation of damages.

The plaintiffs claimed title from the estate of Samuel R. Hill, deceased, under a distribution in the Court of Probate, which described the premises as "mill and privileges in dam, also lot bounded north on highway, east on James A. Andrews' land, south on Adeline Bostwick's heirs' land, and west on land set to May R. Hill and widow Eliza Hill, as dower, valued at $3,000."   On the trial the administrator was allowed to testify as to what he turned over to the plaintiffs as the mill privilege, and that it was north of the highway.   This was proper.   The description in the distribution was a general one, stating no particular location, and to make it certain, it was legitimate to show by parol what it was of which he delivered possession as part of the estate of the intestate.   This laid a proper foundation for the subsequent proof offered by the plaintiffs, that they had held absolute and undisputed possession of all that they thus received from him, for twenty years.

It was within the discretion of the trial court to admit evidence as to the nuisance on the land and the sewers by which it was occasioned, before it had been shown that the town had any share in creating or maintaining it.

Proof of what it would cost to clean up the premises by removing the offensive deposits was relevant to the question of damages.

The town vote of 1881, authorizing the construction of sewers, provided a certain amount were raised by voluntary donations, and making an appropriation for that purpose, by virtue of which sewers were afterwards built, into which houses were drained, was admissible, whether the action thus taken was or was not within the lawful powers of the municipality. In either case, the use of such sewers for its own buildings, to the direct damage of the plaintiffs in the manner found, was an actionable wrong. *Nolan* v. *New Britain*, 69 Conn. 668, 678; *Platt Bros. & Co.* v. *Waterbury, ante*, p. 531.

The annual reports of the selectmen to the town, showing what expenditures had been made for sewers, were legitimate evidence for the plaintiffs, notwithstanding these officers might have been called as witnesses, and the original books of town accounts could have been had. Such reports, if accepted by the defendant, became its declarations, and as such admissible against it. If there were no proof of acceptance, they would be equally admissible as statements of acts done in its behalf made to it by its executive officers at a time when, if in fact unauthorized, there was a full and fitting opportunity to disavow and repudiate them.

The plaintiffs were also properly allowed to introduce the contract between the town and Moses S. Austin, under which he constructed the sewers in question, upon a certain plan and for a certain price, although he was the only signer of the document. That informality was immaterial after the contract had been fulfilled.

A bill of exceptions has been allowed, which was tendered by the plaintiffs on account of the denial of their claim for an injunction. It was not filed during the term, but within five days after the allowance of the appeal. We are of opin-

ion that it was seasonably filed, under Public Acts of 1897, p. 892, § 16. That it was not presented before the rising of the court, was excused by the delay in making up the finding and the consequent postponement of the date of taking the appeal. The statute must be construed according to its spirit.

The plaintiffs, in argument, have asked for such a modification of the judgment as to add an injunction to the award of damages. Their bill of exceptions, in the absence of a cross-appeal, affords no foundation for such relief; nor is it necessary under the statute to pass for any purpose upon the point which it presents, since it in no manner affects their right to damages, and no new trial is granted.

There is no error.

In this opinion the other judges concurred.