MURRAY, RESPONDENT, *v.* CITY OF BUTTE, APPELLANT.

(Nos. 2,335, 2,351, 2,352.)

(Submitted January 11, 1907. Decided February 11, 1907.)

(88 Pac. 789.)

*Cities and Towns — Nuisances—Abatement—Damages—Pleadings—Appeal.*

Nuisances—Cities and Towns—Pleadings—Complaint.
1. A complaint against a city alleging, in substance, that defendant without right constructed and maintained a storm sewer over and across a lot owned by plaintiff, and permitted it to become and remain in such an unsafe and unsanitary condition as that nauseous gases escaped from it, making it unfit for building purposes, that plaintiff's petition to the city council to repair it was ignored, that he then repaired it at his own cost, and that the city refused to reimburse him for his outlay, states a cause of action upon the theory that plaintiff sustained damages by reason of the maintenance of a nuisance by the city for the abatement of which he was entitled to recover, as an element of his damages, the reasonable cost incurred in abating it.

Same—Pleadings—Complaint—Sufficiency.
2. A complaint against a city seeking to recover damages for the abatement of a private nuisance, though indefinite and uncertain, but showing facts that defendant did maintain such a nuisance, *held* sufficient, in the absence of a special demurrer attacking the pleading on those grounds, to entitle plaintiff to recover damages under Civil Code, section 4555.

Same—Cities and Towns—Liability.
3. A city, like an individual, may be made to respond in damages to the injured party for the detriment caused by the maintenance of a nuisance.

Same—Abatement—Measure of Damages.
4. Where the party injured through the maintenance of a nuisance by a city has abated it at his own expense, after a refusal by the municipality to remedy the evil, the necessary outlay so incurred is a part of his detriment proximately caused by its maintenance, and recoverable, under Civil Code, section 4330, as an element of his damages.

Same—Trial—Waiver of Issues.
5. The district court was justified, in an action against a city to recover the cost of abating a nuisance, in treating the case as if the only issue involved was whether the expense incurred by plaintiff was rendered necessary by reason of any act or omission on the part of the city, where counsel for the defendant in the course of the trial stated that the only question before the court was whether the amount of plaintiff's bill against the city had been necessarily expended.

Same—Abatement—Verdict—Appeal—Conflicting Evidence.
6. Where the evidence upon the question whether the expense incurred by plaintiff, in an action against a city for its recovery for the abate-

ment of a nuisance, had been necessarily incurred was conflicting and a new trial refused to defendant, the judgment will not be disturbed.

Evidence—Insufficiency—Lack Supplied by Adverse Party.
7. When plaintiff's omission to offer any proof in support of a material allegation in his complaint is supplied by defendant's testimony, the latter cannot complain on appeal that the evidence is insufficient to sustain the verdict.

Pleadings—Complaint—Reference to Other Causes of Action.
8. Every cause of action must be complete in itself, and therefore allegations contained in certain paragraphs in one count cannot be made part of another by mere reference.

Pleadings—Complaint—Sufficiency—How Reviewed.
9. The sufficiency of a complaint to state a cause of action may be inquired into on appeal from the judgment, even though objection to it was not made in the trial court.

Nuisances—Cities and Towns—Splitting Causes of Action—Effect—Judgment.
10. In the same complaint plaintiff split his cause of action for a nuisance, attempting to set out two causes of action—the first, for the cost of abating the nuisance; the second, for permanent injury to his property from the nuisance. The jury returned a verdict for plaintiff for a certain amount on his first cause of action, and for another amount on the second cause of action, and judgment was entered accordingly. *Held,* on appeal, on which it was decided that the complaint, as regards the second cause of action, failed to state sufficient facts, that plaintiff, having recovered on his first cause of action on a part of his demand, cannot maintain his second cause of action for the balance of it, but that the judgment recovered on the first is a bar to recovery on the second.

*Appeal from District Court, Silver Bow County; George M. Bourguin, Judge.*

ACTION by Thomas J. Murray against the city of Butte. Judgment for plaintiff. Defendant appeals. Modified and affirmed.

STATEMENT OF THE CASE, BY THE JUSTICE DELIVERING THE OPINION.

This action was commenced in the district court of Silver Bow county by Dr. T. J. Murray to recover damages from the city of Butte. The complaint attempts to state two causes of action. In the first it is alleged that the plaintff is the owner of lot 12, block 11, original townsite of Butte; that the city, without right, has constructed and maintained a storm sewer over and across lot 12 for drainage, sewage and other purposes for which storm sewers are generally used; that the said sewer was permitted by the city

to become and remain in an unsafe and unsanitary condition; that the materials out of which the sewer was constructed were placed in such a loose and temporary manner that cracks and other openings existed, through which nauseous gases and steam escaped from the sewer; that in September, 1901, the plaintiff commenced the erection of a building for hospital purposes on lot 12, and in excavating for the basement the defective condition of the sewer was discovered; that by reason of such defective condition in which the sewer was found to be it became and was unsafe to erect the building over it, or use such building for the purposes intended; that it was necessary either to tear out the sewer or repair the same; that to tear it out would release the water and other sewage upon plaintiff's property and other property; that the plaintiff petitioned the city council to repair the sewer so as to avoid the defects mentioned, but plaintiff's petitions were placed on file and nothing further done in the premises; that it was necessary for plaintiff to proceed with his building operations at once, and by reason of the city's failure to do so it became necessary for the plaintiff to repair the sewer, which he did at an expense of $922.98, which sum, it is alleged, was the reasonable value of the work done. It is further alleged that a claim for this amount was presented to the city council, but disallowed, except in the sum of $125 as a full settlement, which sum was not accepted, and no part of this claim has ever been paid.

For a second cause of action the plaintiff refers to the first thirteen paragraphs of his first cause of action, and seeks to make them a part of his second cause of action by this reference. The plaintiff then alleges that the existence of said storm sewer through his premises is a permanent injury to his property, and by reason of the facts stated his property has been damaged in the sum of $3,000. He alleges that he presented a claim for this amount to the city council, which was disallowed, and no part of this claim has ever been paid.

The answer to the first cause of action admits that the sewer was constructed by the city, but alleges that it was constructed

in 1889 with the consent of the then owner of the property. The answer denies that the sewer was carelessly or negligently constructed, or permitted to become in an unsafe or unsanitary condition, but alleges, on the contrary, that "the said storm sewer was at all times mentioned in the amended complaint, and ever since the building of the same, in a safe and sanitary condition." The bar of the statute of limitations is also pleaded as a defense. Issues were joined upon the allegations of the second cause of action.

The cause was tried to the court sitting with a jury. The jury returned a verdict in favor of the plaintiff for $922.98 and interest on his first cause of action, and for $1 upon his second cause of action, and judgment was entered in accordance with the verdict.

The city moved for a new trial as to the first cause of action, and the plaintiff moved for a new trial as to the second. The plaintiff's motion was sustained, and the defendant's overruled. The defendant has prosecuted three separate appeals to this court: (1) An appeal from the judgment; (2) an appeal from the order overruling its motion for a new trial as to the first cause of action; and (3) an appeal from the order granting the plaintiff a new trial as to the second cause of action. Upon motion these appeals were heretofore consolidated.

Mr. L. P. Forestell, and Mr. J. F. Davies, for Appellant.

As the sewer in question was not alleged to have been constructed upon any of the public streets of the defendant city, but was alleged to have been constructed upon the property of another, the law would not imply corporate liability for a failure to keep the same in repair, and facts should have been alleged from which the city's liability could have been implied; such as, that it was a public sewer in a public street of the defendant and over which the city assumed and exercised control and undertook to keep in repair. Municipal corporations are not liable for consequential damages resulting from improvements made in watercourses. (Alexander v. Milwaukee, 16 Wis. 247.) At common law such injury must be treated as damnum absque in-

*juria.* (2 Dillon's Municipal Corporations, sec. 980.) A duty of care must be shown and the connection of cause and effect between the negligence and the injury. (1 Abbott's Trial Brief on Pleadings, 2d ed., p. 612, par. 394, and cases cited in notes 3 and 4, pp. 616, 617; Id. 526, and cases cited; *City of Hammond* v. *Winslow,* 33 Ind. App. 92, 70 N. E. 819; *City of Logansport* v. *Kihm,* 159 Ind. 68, 64 N. E. 595. See, also, *Hamilton* v. *Ashbrook,* 62 Ohio St. 511, 57 N. E. 239; *Spellman* v. *Caledonia,* 117 Wis. 254, 94 N. W. 27.)

The necessity for making the repairs to a storm drain was not and could not be vested in an individual who might volunteer to make improvements under the circumstances in this case. This power was vested in the city council by the legislature, which provided the manner and means of making such improvements and the mode prescribed is exclusive and must be strictly complied with in order to authorize a proper contract for the furnishing of materials or the doing of such work. (Session Laws, 1897, pp. 212-223; Pol. Code, sec. 4807; *State ex rel. Lambert* v. *Coad,* 23 Mont. 131, 137, and cases cited; 1 Smith's Modern Law of Municipal Corporations, 46, and cases cited; 1 Dillon on Municipal Corporations, secs. 449-459, and cases cited; 1 Abbott on Municipal Corporations, 262, 263, and cases cited; McQuillam on Municipal Ordinances, sec. 553, and cases cited; *Davenport* v. *Kleinschmidt,* 6 Mont. 502, 13 Pac. 249.)

"A city is not liable to a person who volunteers services." (*Lydecker* v. *Village of Nyack,* 9 App. Div. 90, 39 N. Y. Supp. 509.)

But if it be plaintiff's proposition that the city's officers without right entered upon private property and constructed a storm sewer, this would defeat his own action. (*Cummins* v. *City of Seymour,* 79 Ind. 491, 41 Am. Rep. 622.) "All torts or wrongful acts of an agent or officer of a municipal corporation not resting upon contract, but which are *ultra vires* in the proper sense and meaning of the term, will not create an implied liability on the part of the corporation." (2 Dillon on Municipal Corporations, sec. 972; Elliott on Roads and Streets, sec. 500; 2 Current Law, p. 982, sec. 14, and cases cited. See, also,

*Barger* v. *City of Hickory*, 130 N. C. 550, 41 S. E. 708; *Becker* v. *LaCrosse*, 99 Wis. 414, 67 Am. St. Rep. 874, 75 N. W. 84, 40 L. R. A. 829.)

"A town which, exceeding its corporate powers, grants permission to a mining company to build a flume in its streets, does not thereby become liable for damages done to adjoining premises by water leaking from the flume onto said premises." (*Town of Idaho Springs* v. *Filteau*, 10 Colo. 105, 14 Pac. 48, 49; *City of Denver* v. *Bayer*, 7 Colo. 113, 2 Pac. 6.)

If any damage was done by the appellants or its officers, it was done before the plaintiff acquired any interest in the land upon which the sewer is constructed, and any injury to the property was complete at the time of the construction of the sewer, and the right of action was in the party who owned it when the work was done, and did not pass to plaintiff. (*Ortwine* v. *City of Baltimore*, 16 Md. 387; *Chicago etc. R. R. Co.* v. *Maher*, 91 Ill. 312; *Decatur Gas Light etc. Co.* v. *Howell*, 92 Ill. 19, 20; *Illinois Cent. R. R. Co.* v. *Allen*, 39 Ill. 205; *Laney* v. *Jasper*, 39 Ill. 53; *Toledo etc. R. R. Co.* v. *Hunter*, 50 Ill. 525; *Chicago etc. R. R. Co.* v. *Loeb* (opinion filed at Ottawa, March 26, 1884); *City of Elgin* v. *Welch*, 16 Ill. App. 483; *Davies* v. *City of New Orleans*, 40 La. Ann. 806, 6 South. 100; *City of Seymour* v. *Cummins*, 119 Ind. 148, 21 N. E. 549, 5 L. R. A. 126; 2 Farnham on Waters and Water Rights, sec. 194-a. On this point we also cite *Stein* v. *City of LaFayette*, 6 Ind. App. 414, 33 N. E. 912; *Campbell* v. *City of Philadelphia*, 108 Pa. 300; *Appeal of Losch*, 109 Pa. 72; *Roberts* v. *Northern Pac. R. R. Co.* (1895), 158 U. S. 1, 15 Sup. Ct. 756, 39 L. Ed. 873; *Maffet* v. *Quine* (1889), 93 Fed. 347; *Northern Pac. R. R. Co.* v. *Murray* (1898), 87 Fed. 648, 31 C. C. A. 183.)

*Mr. John J. McHatton,* and *Mr. Charles Mattison,* for Respondent.

Where a city has acted and assumed authority, it is responsible for its acts, as well as its negligence. (*Houfe* v. *Town of Fulton*, 34 Wis. 608, 619, 11 Am. Rep. 463; *Collensworth* v.

*City of New Whatcom,* 16 Wash. 224, 47 Pac. 439; *Sacks* v. *City of Minneapolis,* 75 Minn. 30, 77 N. W. 563; *Greenwood* v. *Town of Westport,* 60 Fed. 560, 570; *Leavenworth* v. *Laing,* 6 Kan. 274; *City of Abilene* v. *Wright,* 4 Kan. App. 708, 46 Pac. 715; *Shartle* v. *City of Minneapolis,* 17 Minn. 308, 317; *Sewell* v. *City of Cohoes,* 75 N. Y. 51, 31 Am. Rep. 418; *Will* v. *Village of Mendon,* 108 Mich. 251, 66 N. W. 58; *City of Chadron* v. *Glover,* 43 Neb. 732, 62 N. W. 62.)

The sewer was a continuing nuisance, and such damages as had been sustained up to the commencement of the action were recoverable. Repeated actions might be brought. (*Mayor of Nashville* v. *Comar,* 88 Tenn. 415, 12 S. W. 1027, 7 L. R. A. 465, and cases cited; *Doran* v. *City of Seattle,* 24 Wash. 182, 85 Am. St. Rep. 948, 64 Pac. 230, 54 L. R. A. 532.) The city is liable although the damages resulted from the plan. (*Lehn* v. *City and County of San Francisco,* 66 Cal. 76, 4 Pac. 965; *City of Seymour* v. *Cummins,* 119 Ind. 148, 21 N. E. 549, 5 L. R. A. 126; 2 Dillon on Municipal Corporations, 1048, 1049, 1051, 1054; *Cleveland* v. *King,* 132 U. S. 295, 303, 10 Sup. Ct. 90, 33 L. Ed. 334; *Gould* v. *City of Topeka,* 32 Kan. 485, 49 Am. Rep. 496, 4 Pac. 822; *Seifert* v. *City of Brooklyn,* 101 N. Y. 136, 143, 54 Am. Rep. 664, 4 N. E. 321.) Even though the city had the right to construct the sewer and to construct it according to a plan, the city would, nevertheless, be liable for damages resulting from the faulty construction of the sewer. (*Montana R. R. Co.* v. *Freeser,* 29 Mont. 210, 74 Pac. 407; *Ashley* v. *Port Huron,* 35 Mich. 296, 24 Am. Rep. 552; 2 Dillon on Municipal Corporations, 1049.) After the sewer was constructed, the city was liable for failure to keep it in repair. (*Seifert* v. *City of Brooklyn, supra; Allen* v. *City of Boston,* 159 Mass. 324, 38 Am. St. Rep. 423, 34 N. E. 519; *Hines* v. *City of Lockport,* 50 N. Y. 236; *Massengale* v. *City of Atlanta,* 113 Ga. 966, 39 S. E. 578; *Loughran* v. *City of Des Moines,* 72 Iowa, 382, 34 N. W. 172; *City of Chicago* v. *Seben,* 165 Ill. 371, 56 Am. St. Rep. 245, 46 N. E. 244.) It is immaterial that the city laid this sewer in part through the property of re-

spondent. Its liability for its maintenance is the same. (*Stod-
dard* v. *Village of Saratoga Springs,* 127 N. Y. 261, 27 N. E.
1030; *City of Fort Wayne* v. *Coombs,* 107 Ind. 75, 57 Am. Rep.
82, 7 N. E. .743; *Saunders* v. *City of Lowell,* 131 Mass. 378.)
See, also, *Los Angeles Cemetery Assn.* v. *City of Los Angeles,*
103 Cal. 461, 37 Pac. 375; *Stanford* v. *City and County of San
Francisco,* 111 Cal. 198, 43 Pac. 605; *Adams Hotel Co.* v. *Cobb,*
3 Ind. Ter. 50, 53 S. W. 478; *DeBaker* v. *Southern Cal. Ry.
Co.,* 106 Cal. 257, 46 Am. St. Rep. 237, 39 Pac. 610, 615; *King*
v. *City of Kansas City,* 58 Kan. 334, 49 Pac. 88; *Tate* v. *City
of St. Paul,* 56 Minn. 527, 45 Am. St. Rep. 501, 58 N. W. 158.)

MR. JUSTICE HOLLOWAY delivered the opinion of the
court.

1. It is urged that the complaint does not state any cause of
action. For convenience of reference only, the causes of action
will be referred to as counts in the complaint. Does the com-
plaint in the first count state a cause of action?

While in the second count plaintiff seeks to recover damages
suffered by reason of the maintenance of a nuisance by the city,
the complaint in the first count must be sustained, if at all, upon
the theory that plaintiff sustained damages by reason of the
maintenance by the city of the same nuisance; and, since he
was compelled to abate it, he may recover, as an element of his
damages, the reasonable cost incurred in abating it. Upon this
theory only do we think the complaint in the first count can be
sustained as stating a cause of action. It appears that the plain-
tiff has split his demand, and has sought to recover a portion of
his damages in each of two separate and distinct causes of action.

While the allegations of the complaint in the first count are
indefinite and uncertain, still, in the absence of a special demur-
rer attacking them on such grounds, we think it is sufficient, and
may be fairly said to state facts sufficient, to show that the city
maintained a private nuisance, which the plaintiff might right-
fully abate, under the provisions of section 4591 of the Civil
Code, and, having abated it, he might recover from the city

such damages as he sustained by reason of the maintenance of such nuisance (Civil Code, section 4555), and the necessary expense in abating it may be recovered as an element of such damages.

The case of *Emery* v. *Lowell,* 109 Mass. 197, was an action by the owner of private property to recover damages caused to his property by reason of a defective drain, permitted by the city to remain in existence, and for costs and expenses necessarily incurred by the plaintiff in abating the nuisance. In considering the correctness of an instruction given by the trial court, the supreme court of Massachusetts said: "The jury were rightly instructed that such damages from the choking up of the drain and the causing of water and filth to flow back into the plaintiff's cellar included any injury which affected the estate itself, or diminished the value of its use and occupation, by reason of the inconvenience and annoyance of flowing the cellar, or of unwholesome or disagreeable smells, or of insects thereby generated or attracted to the house, *and his reasonable expenses in preventing or removing the nuisance,* and of changes and repairs rendered necessary, and which he could not by reasonable care and diligence have averted."

The reason for the rule would seem to be manifest. A city has no greater right than a private person to maintain a nuisance to the detriment of anyone, and, if it does so, it may be made to respond in damages to the injured party, and the measure of damages is declared by the Civil Code, section 4330, to be the amount which will compensate the injured party for all the detriment proximately caused thereby. If the injured party has abated a nuisance, the necessary expense so incurred is a part of his detriment proximately caused by the maintenance of the nuisance, and recoverable as an element of his damages upon the same theory that the expense incurred for medical treatment may be recovered as an element for damages in a personal injury case; that is, upon the doctrine of avoidable consequences.

We think the complaint in the first count states facts sufficient to show that the sewer was a nuisance within the meaning

of section 4550 of the Civil Code, that it was maintained by the city to the plaintiff's detriment, that the plaintiff was compelled to abate it, and that the amount expended by him was reasonable. It therefore states a cause of action upon the theory of the complaint which we have adopted.

2. Upon the trial of the case the issues as to the first count were materially narrowed by counsel for the city. In making an objection to a question asked the plaintiff while a witness in his own behalf as to whether the sum of $922.98 was or was not the reasonable cost of doing the work of repairing the sewer, Mr. Davies, of counsel for the city, said: ''We shall object to that as incompetent, irrelevant and immaterial. If he has placed his bill for this amount—and unquestionably, if it is not a reasonable amount, he would not have placed it over the amount expended—*if it was necessarily expended is the only question that arises here.*'' Upon this statement from counsel, the court had a right to treat the case, so far as the first count was concerned, as proceeding upon the theory that the only question at issue was: Was the sewer actually out of repair? Or, what is the same thing: Was it necessary for the plaintiff to make the repairs which he did make upon it? Or, in other words: Was the expense incurred rendered necessary by reason of any act or omission on the part of the city? Upon this question the evidence was conflicting, and the general verdict was a determination of the issue in plaintiff's favor. The trial court having heard the testimony as given by the witnesses on the stand, and having refused a new trial on that cause of action, this court will not now interfere.

It is said that the evidence is insufficient to sustain the verdict returned upon the first count. If the city had not offered any testimony, we might agree with this contention, for the plaintiff did not offer any proof in support of his allegation that the city maintained the sewer; but this omission on the part of the plaintiff was amply supplied by the testimony offered on behalf of the city, which tended to show that the city exercised and claimed the right to exercise control over the sewer, and that

it made repairs on it and maintained a system of inspection of it up to the time the plaintiff commenced the erection of his building.

While we think the theory of the trial court respecting the plaintiff's separate demands for damages as disclosed in instruction No. 11 was erroneous, it is apparent that no prejudice resulted to the defendant therefrom.

Some of the assignments of error relate to the second cause of action, and need not be considered. We have examined the other specifications, so far as they relate to the first cause of action, but conclude that no reversible error was committed.

3. In his second count or cause of action the plaintiff seeks to recover damages for injury to his property caused by the maintenance of a nuisance. Does the complaint in the second count state facts sufficient to constitute a cause of action? The only averment in this count, aside from the statement that a claim for the damages was presented to the city council and not allowed, is that contained in paragraph 2 of the second count, as follows: " (2) Plaintiff further alleges that the existence of said storm sewer through and over plaintiff's property, and through and under the said building, is a permanent injury to plaintiff's property, by reason of the facts hereinbefore alleged, and plaintiff was and is damaged by reason thereof in the sum of $3,000." Standing alone, confessedly, the allegations of this paragraph did not state any cause of action whatever. But in paragraph 1 it is sought to make all the allegations contained in the first thirteen paragraphs of the first cause of action a part of the second cause of action merely by this reference. This cannot be done. (*McKay* v. *McDougal,* 19 Mont. 488, 48 Pac. 988; *Hefferlin* v. *Karlman,* 29 Mont. 139, 74 Pac. 201.)

It is a general rule of pleading that every cause of action must be complete in itself. It must contain all the material and issuable facts which constitute the cause of action embraced in it, and its defects cannot be supplied from another cause of action. (Bliss on Code Pleading, sec. 121; Pomeroy on Code Remedies, sec. 575.) This rule, however, is generally held not

to extend to include matter which is merely introductory or by way of inducement, as, for instance, the description of property, or the particular character in which plaintiff and defendant are parties; nor will it be extended to require a repetition of exhibits, if proper references be made in these several instances.

In respondent's brief his counsel say: "This being an appeal from the judgment, the question of the sufficiency of the complaint to state a cause of action cannot be considered. There is no objection to the complaint shown to have been made, and its sufficiency is not, therefore, before the court," and *Schatzlein Paint Co.* v. *Passmore,* 26 Mont. 500, 68 Pac. 1113, and *Campbell* v. *Great Falls,* 27 Mont. 37, 69 Pac. 114, are cited. But neither one of these cases supports counsel's contention. The sufficiency of a complaint to state a cause of action may always be inquired into *on an appeal from the judgment.* The cases cited above decide an entirely different question, viz., that on an appeal from an order denying a new trial the sufficiency of a complaint to state a cause of action will not be inquired into, unless such question was properly raised in the trial of the case in the district court.

The complaint in the second count does not state a cause of action; but, as the amount of recovery upon that count appears definitely from the verdict and judgment, the judgment may be modified, and the correct result reached by that means.

4. The action of the trial court in granting a new trial as to the alleged second cause of action was justified upon either of two grounds: (1) That the complaint in the second count does not state a cause of action; or (2) that there was not any evidence to support a verdict for $1. It is manifest that the plaintiff has but one cause of action, but that he has split his demand and has attempted to state a part of it in each count or cause of action.

As was said by this court in *Hamilton* v. *Nelson,* 22 Mont. 539, 57 Pac. 146: "The statement of each cause of action is practically a complaint in itself. No interdependence exists;

but each cause is in all respects as independent of the other as if it were the sole matter in the complaint." This being so, and the plaintiff having recovered in his first cause of action on a part of his demand, he cannot maintain his second cause of action for the balance of it. The judgment recovered on the first cause of action is a complete bar to recovery upon the second.

The order of the district court denying defendant a new trial as to the first cause of action is affirmed, as is also the order granting the plaintiff a new trial as to the second cause of action. The cause is remanded to the district court, with directions to dismiss plaintiff's alleged second cause of action, and to modify the judgment by deducting from the amount of it the sum of $1 with interest thereon as computed in the judgment, and, as thus modified, the judgment will be affirmed.

*Modified and affirmed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE SMITH concur

