STRATFORD THEATER, INC. *v.* TOWN OF STRATFORD

BALDWIN, INGLIS, O'SULLIVAN, QUINLAN and WYNNE, Js.

Argued October 8—decided November 17, 1953

*Isadore Chaplowe,* with whom, on the brief, was *James R. Greenfield,* for the appellant (plaintiff).

*Hugh A. Hoyt,* with whom, on the brief, was *Hugh C. Curran,* for the appellee (defendant).

BALDWIN, J.   The plaintiff brought an action against the defendant town by a complaint sounding in negligence and nuisance and claimed damages resulting from the overflow of a sewer constructed and maintained by the town.  The court found the issues for the plaintiff and ordered a judgment entered awarding nominal damages only.  The plaintiff has appealed.  The question is whether the plaintiff is entitled to recover more than nominal damages.

The trial court found the following facts:  The plaintiff operates a theater on the east side of Main Street in Stratford center.  There is a restaurant adjacent on the north which is separated from the theater by an alleyway.  In the rear of the theater there is a building formerly used as a laundry.  In 1920 the town installed a main sanitary sewer line in Main Street in front of the theater.  A lateral line on the south side of the theater connected its sanitary system with the main sewer.  The sanitary systems of the restaurant and the laundry were connected to the sewer by a lateral line which ran through the alleyway.   Whenever there was a heavy rainfall, water and sewage would back up from the main line into this lateral and flood the theater.  Under normal conditions, the lateral functioned properly.   The town had notice that the trunk line was inadequate but neglected to repair it.  Beginning June 1, 1950, the theater was flooded for two days.  The plaintiff employed a contractor to dig up the lateral line to the restaurant and the laundry and discovered that it was in disrepair and that sewage leaked from it into the surrounding ground.  It did not appear who had installed the lateral or who was under a duty to maintain it.   Repairs were made at a cost of $1567.53, which was a reasonable charge for the work.  Thereafter, water and sewage did not overflow

into the theater. The flooding was due to the failure of the main line. At the trial, the plaintiff abandoned any claim for injury to the theater and its business and pressed only its demand for a recovery of the amount paid to the contractor who dug up and relaid the lateral line. The court concluded that the defendant was guilty of negligence and of maintaining a nuisance and that this negligence and nuisance were the proximate causes of the flooding of the theater, but it awarded only nominal damages of $35. The defense of governmental immunity was not raised.

Where a permanent injury is inflicted upon real estate by a nuisance, the proper measure of damages is the depreciation in value of the property. *Southern New England Ice Co.* v. *West Hartford,* 114 Conn. 496, 507, 159 A. 470; 15 Am. Jur. 517. In *Nailor* v. *C. W. Blakeslee & Sons, Inc.,* 117 Conn. 241, 167 A. 548, the operation of the defendant's concrete mixing plant created noise and dust which invaded the plaintiff's premises. The defendant claimed (p. 245) that the plaintiff was entitled to recover the amount of the depreciation in value of her property and that, there being no evidence of what that amount was, she could recover only nominal damages. We held (p. 246) that the injury was temporary and that evidence of the reduction in the rentals received from rooms leased by the plaintiff furnished a sufficient basis for an award of damages for the reduction of the rental value of the premises. Diminution in value may be determined by the cost of necessary repairs if that cost does not exceed the former worth of the property and if the repairs do not enhance its value over what it was before the injury. *Whitman Hotel Corporation* v. *Elliott & Watrous Engineering Co.,* 137 Conn. 562, 573, 79 A.2d 591. Much depends

upon the nature of the nuisance and the damage it causes. We have held that proof of what it would cost to remove offensive deposits on a plaintiff's land caused by the defendant's discharging sewage into a stream flowing through it was relevant on the question of damages. *Watson* v. *New Milford,* 72 Conn. 561, 566, 45 A. 167.

In the instant case, the injury to the plaintiff's theater was not permanent but temporary. It did, however, recur frequently. The plaintiff makes no claim for depreciation in the value of its theater. It seeks only to recover the money it has spent in preventing recurrence of injury. Since the town failed to remedy the situation caused by its own tortious conduct, the plaintiff, having already suffered injury, took action on its own account to prevent further damage to its property. Where the injury to real estate caused by a nuisance is not permanent and the owner takes reasonable measures to remedy the nuisance and prevent further injury, he is entitled to recover, as an element of damages, the reasonable cost of the measures he takes if that cost does not exceed the diminution of the rental value of his property which would take place were the nuisance allowed to recur, and if the measures taken do not enhance the value of the property over what it was before the injury occurred. *Harrisonville* v. *W. S. Dickey Clay Mfg. Co.,* 61 F.2d 210, 213, rev'd on other grounds, 289 U.S. 334, 53 S. Ct. 602, 77 L. Ed. 1208; *Murray* v. *Butte,* 35 Mont. 161, 168, 88 P. 789; *Tombari* v. *Spokane,* 197 Wash. 207, 214, 84 P.2d 678; *Belkus* v. *Brockton,* 282 Mass. 285, 288, 184 N.E. 812; *Emery* v. *Lowell,* 109 Mass. 197, 201; see *Ferrigno* v. *Odell,* 113 Conn. 420, 427, 155 A. 639; Restatement, 4 Torts § 930; 3 Sedgwick, Damages (9th Ed.) p. 1958.

There is error in part; the judgment is affirmed except as to the amount of damages awarded and a new trial is ordered limited to that issue.

In this opinion INGLIS, QUINLAN and WYNNE, Js., concurred.

O'SULLIVAN, J. (dissenting). The law recognizes a difference between nuisances that are permanent in character and those that are temporary. The measure of damages for the former, so far as injury solely to realty is concerned, is the depreciation in the value of the property. *Southern New England Ice Co.* v. *West Hartford,* 114 Conn. 496, 507, 159 A. 470. For the latter, the measure of damages is the reduction in rental value plus the reasonable cost of repairs to the realty, but in no event may the award be greater in amount than the depreciation which the nuisance has caused. See *Nailor* v. *C. W. Blakeslee & Sons, Inc.,* 117 Conn. 241, 246, 167 A. 548; Restatement, 4 Torts § 929.

The case at bar involves a temporary nuisance. Since there was no evidence before the trier from which to evaluate the elements of damages applicable for such a nuisance, there was no other course for the court to pursue than to award nominal damages. For the foregoing reasons, I dissent.