**NALLY & GIBSON, a corporation, Appellant,**

**v.**

**Joe MULHOLLAND and Noah B. Mulholland, Appellees.**

Court of Appeals of Kentucky.

Feb. 11, 1966.

Virgil F. Pryor, McKnight & Pryor, Georgetown, for appellant.

V. A. Bradley, Jr., Bradley & Bradley, Georgetown, for appellees.

WADDILL, Commissioner.

The appeal is from a judgment against appellant for $5000 as damages resulting from a nuisance it maintained. Appellant also seeks to set aside an order to abate this nuisance. It is contended that the evidence neither supports the award of damages nor justifies the granting of the injunction.

During 1960 appellant began quarrying limestone on land adjoining the 120-acre farm purchased by the appellees in 1957. As a result of appellant's blasting operations chunks of rock, sometimes 18 inches in length, were thrown onto appellees' fields and from its stone crushing operations the prevailing winds deposited large quantities of limestone dust over appellees' farm and residence.

 Appellant has made some attempt to remedy the cause of the nuisance and it further appears that the nuisance can reasonably be abated. Since the nuisance is of a temporary nature the proper measure of damages is the diminution in the value of the use of the property during the continuation of the nuisance. Lynn Mining Co. v. Kelly, Ky., 394 S.W.2d 755.

 In support of their claimed damages the appellees introduced without objection evidence that portions of their farm, previously used for growing crops, were no longer suitable for such use due to appellant's quarrying operations. Based on their previous use of their farm and the average sale price of their crops they showed that the value of their use of certain portions of the farm was reduced approximately $1900 per year. The remainder of the farm was used as pasture for horses and cattle. Due to the falling rock and noise near appellant's operations appellees' grazing stock would not go near the existing water source and a new water supply had to be provided at a cost of $1200. Such an expenditure which was reasonably calculated to minimize the damages due to the nuisance is a proper factor to consider in determining the diminution in the value of the use. Cf. Stratford Theater v. Town of Stratford, 140 Conn. 422, 101 A.2d 279, 41 A.L.R.2d 1060. It was also shown that the farm could board ten brood mares if it were not for the coating of limestone dust on the grazing land. Loss of profit from this source was about $3200 per year. The damages shown over the three years involved adequately support the award of $5000.

 The contention that the granting of an injunction was unwarranted is premised on the assumption that the injunction prevents appellant from operating its quarry and thereby causes great hardship. We believe appellant has misinterpreted the order. The trial court found that appellant had caused rocks and other debris to be thrown and limestone dust to be blown on appellees' land and ordered that this nuisance be abated so as not to cause such damage. This will require some changes in appellant's operating procedures but the record does not disclose that such changes will necessarily cause a cessation of appellant's business.

The judgment is affirmed.