502 So.2d 1185 (1987)
CITY OF JACKSON, Mississippi
v.
Robert J. KEANE.
No. 55820.
Supreme Court of Mississippi.
January 21, 1987.
As Modified on Denial of Rehearing March 4, 1987.
*1186 John Hedglin, Jackson, for appellant.
Hugh W. Tedder, Jr., McKinley & Tedder, Jackson, for appellee.
Before ROY NOBLE LEE, P.J., and ROBERTSON, and ANDERSON, JJ.
ANDERSON, Justice, for the Court:
The City of Jackson alleges error in a jury award of $75,000 to Dr. Robert J. Keane for erosion damage to his land caused by the flow of the Caney Creek drain and for costs of improvements on the creek necessary to prevent further damage.
The jury received and considered evidence on the matter and found the city was in fact liable for the maintenance of the creek (a natural drain) and rendered a verdict for $75,000 in damages to the appellee. We see no error in the finding of liability and therefore affirm that part of the judgment; however, we reverse and remand on the issue of damages.
Dr. Robert J. Keane in 1978, purchased a three and one-half acre tract of land in southeast Jackson for the sum of $30,000. The property was bounded on the west by a natural drain known as Caney Creek. The title to this creek is held by the State of Mississippi.
Keane filed suit against the City of Jackson in September 1983 seeking damages in the amount of $175,000. The complaint alleged that the city had assumed a duty to maintain the creek and its failure to do so had caused the resulting erosion damages to his property.
There was testimony that approximately 950 square feet of the appellee's property had been washed away, equalling about one-tenth of one percent of the land. There was further testimony that the erosion damage could be repaired by replacing the eroded soil. The cost of such repair would be between $8,000 and $15,000. However, this restoration was not recommended by the witnesses because replacement soil would be washed away with the next rain unless certain improvements were made on the creek. The appellee presented evidence that it would cost approximately $95,000 to improve the creek through a process "riprapping".
The city has riprapped part of the creek and city employees testified that while they had cleaned debris from parts of the creek, both above and below the property of appellee, they did not clean the creek adjacent to appellee's property because it would have worsened the erosion problem.
It has been determined that since 1978 approximately the western one-third of appellee's property in question lies within the Caney Creek floodway. By current city ordinance no buildings can be erected in a floodway. Further, a real estate appraiser testified on behalf of the city that because the property was located in a floodway, there was no difference in the value of the land before and after the erosion occurred. He also stated that the current value of the property is approximately $30,000 per acre.
The city appeals from a jury award in the appellee's favor and assigns several points of error. We find it necessary to address only the assignment of error regarding damages.

*1187 I. DID THE TRIAL COURT ERR WITH RESPECT TO EVIDENTIARY RULINGS AND JURY INSTRUCTION RULINGS CONCERNING THE MEASURE OF DAMAGES, IF ANY, TO WHICH THE PLAINTIFF WAS ENTITLED?
The trial court granted Instruction P-5 which reads:
The court instructs the jury that if you find for the plaintiff, Robert J. Keane, the measure of his damages would be the cost to repair his property so as to put it in the same condition as it was before it was damaged. The reasonable cost of repair can include such measures, as may be reasonable and necessary, to prevent Caney Creek from damaging his property again.
As a further element of damage, if you find for the Plaintiff, Robert J. Keane, you may take into consideration the value of his property before the damage occurred in comparison to the value of the property after the damage occurred to ascertain what amount of permanent damage has been suffered by the plaintiff, if any.
This instruction is an incorrect statement of the applicable law in that it permits recovery for both diminution in value and cost of repair without reference to the effect of repairs on value.
We recently reviewed the issue of the appropriate measure of damages in cases such as this in Bell v. First Columbus National Bank, 493 So.2d 964 (Miss. 1986), we held that:
Plaintiff can choose to prove either reasonable cost of replacement or repairs or diminution in value, and if he proves either of these measures with reasonable certainty, damages are allowable, so long as the plaintiff will not be unjustly enriched and the defendant does not demonstrate that there is a more appropriate measure of damages.
In addition, landowners may recover special damages proved.
These special or incidental damages are elements of damage separate, distinct, and independent of the depreciation of the value of the property or of the depreciation of the rental or usable value of the property. Included in the category of special or incidental damages are annoyance, discomfort, inconvenience, and sickness. 66 C.J.S., Nuisances § 175, p. 979. There may be others. City of Oxford v. Spears, 228 Miss. 433, 87 So.2d 914.
Another element of damages to be considered in this case is the cost of making improvements to the creek. There is sufficient evidence that certain improvements would be necessary in order to prevent further damage to the property of appellee. While we have not dealt directly with this issue in this state, other jurisdictions and authorities have held that landowners who have made necessary and reasonable expenditures to prevent future damages to property could recover the cost.
In Stratford Theater, Inc. v. Stratford, 140 Conn. 422, 101 A.2d 279 (1953), a landowner repaired a city sewer line on his property to prevent continued damage after the city failed in its duty to do so. That Court stated:
Where the injury to real estate caused by a nuisance is not permanent and the owner takes reasonable measures to remedy the nuisance and prevent further injury, he is entitled to recover, as an element of damages, the reasonable cost of the measures he takes if that cost does not exceed the diminution of the rental value of his property which would take place were the nuisance allowed to recur, and if the measures taken do not enhance the value of the property over what it was before the injury occurred. City of Harrisonville v. W.S. Dickey Clay Mfg. Co., 8 Cir., 61 F.2d 210, 213, reversed on other grounds. 289 U.S. 334, 53 S.Ct. 602, 77 L.Ed. 1208; Murray v. City of Butte, 35 Mont. 161, 168, 88 P. 789; Tombari v. City of Spokane, 197 Wash. 207, 214, 84 P.2d 678; Belkus v. City of Brockton, 282 Mass. 285, 288, 184 N.E. 812; Emery *1188 v. City of Lowell, 109 Mass. 197, 201; see Ferrigno v. Odell, 113 Conn. 420, 427, 155 A. 639; Restatement, 4 Torts, § 930; 3 Sedgwick, Damages (9th ed.) p. 1958.
140 Conn. at 425, 101 A.2d at 281.
Restatement 2d, Torts, § 930, also supports recovery of reasonable expenditures:
(3) The damages for past and prospective invasions of land include compensation for
* * * * * *
(b) either the decrease in the value of the land caused by the prospect of the continuance of the invasion measured at the time when the injurious situation became complete and comparatively enduring, or the reasonable cost to the plaintiff of avoiding future invasions.
This rule is also set forth in 25 C.J.S., Damages § 49, which provides:
As a general rule, a party is entitled to all legitimate and reasonable expenses necessarily incurred by him in an honest endeavor to reduce the damages flowing from or following the wrongful act, especially where his attempt to reduce the damages proves to be successful. Thus, a party may recover expenses legitimately incurred in attempting to prevent loss and damage to property, ... .
* * * * * *
Expenses incurred in mitigating damages are recoverable only where they were prudently incurred, as a result of a fair exercise of judgment to make the damages less, and only where they were reasonably warranted by, and proportioned to, the injury and consequence to be avoided.
We agree with the general rule that a landowner can recover reasonable and necessary expenses incurred in an attempt to prevent future damages, so long as those expenses do not exceed the diminution in value the property would suffer if the preventive measures are not undertaken.
We affirm as to liability and remand this case to the trial court for a new trial as to damages in accordance with this opinion.
AFFIRMED AS TO LIABILITY; REVERSED AND REMANDED FOR DETERMINATION OF DAMAGES.
WALKER, C.J., and ROY NOBLE LEE and HAWKINS, P.JJ., and DAN M. LEE, PRATHER, ROBERTSON, SULLIVAN and GRIFFIN, JJ., concur.