## SMITH, Respondent, v. EMERSON, Appellant.

St. Louis Court of Appeals, May 10, 1904.

APPELLATE PRACTICE: Bill of Exceptions: Filing After Time. On an appeal from an order granting a new trial, where the bill of exceptions was filed long after the time fixed by the trial court for the filing, the appellate court can not review the case.

Appeal from Pike Circuit Court.—*Hon. D. H. Eby,* Judge.

AFFIRMED AND REMANDED.

*George W. Emerson* and *Elijah Robinson* for appellant.

*J. D. Hostetter* for respondent.

The bill of exceptions not having been filed in time brings nothing for this court to review except the record proper. Monarch Rubber Co. v. Bunn, 78 Mo. App. 55; Union Nat'l Bank v. Barker, 145 Mo. 356; Maddox v. Railroad, 73 Mo. App. 510.

GOODE, J.—This is an appeal from an order of the circuit court sustaining plaintiff's motion for new trial of the cause of action stated in his petition. The facts need not be given further than to say a counterclaim was filed by the defendant. There was a verdict for the plaintiff for $1 on his cause of action and for the defendant for $30 on his counterclaim. Subsequently, on motion of the plaintiff, the court set aside the verdict in his favor on the ground that the assessment of nominal damages was against the weight of the evidence. The verdict on the counterclaim was allowed to stand.

The record shows defendant's bill of exceptions was filed long after the time fixed for filing it by the court's order. His contention that a new trial was erroneously granted can not, therefore, be reviewed as it relates to matter of exception.

The order for new trial is affirmed and the cause remanded. *Bland, P. J.,* and *Reyburn, J.,* concur.