LENNON ET AL., RESPONDENTS, *v.* CITY OF BUTTE, APPELLANT.

(No. 5,145.)

(Submitted April 5, 1923. Decided April 25, 1923.)

[214 Pac. 1101.]

*Nuisances — Cities and Towns — Improper Deposition of Garbage—Complaint—Sufficiency—Pleading and Practice—Injuries to Person and Property—Improper Uniting of Causes of Action.*

Nuisances—Cities and Towns—Powers—When Grant of Power not a Defense.

1. In grants of authority to municipal corporations, authority to commit a nuisance will not be implied but must be expressed, since in the use of their private property they are subject to the same rules as private individuals, and when the use and enjoyment of a legislative grant does not necessarily and naturally create a nuisance, but the nuisance results from the method of the use and enjoyment, the grant constitutes no defense.

Same—Cities and Towns—Improper Dumping of Garbage—Liability for Damages.

2. Under the above rule, *held* that while subdivision 7, section 5039, Revised Codes of 1921, gives a city the power to regulate the removal and deposition of garbage, it does not give it the right to so deposit it as to create a condition injurious to health or offensive to the senses and thus interfere with the comfortable enjoyment of life and property.

---

1. Liability of municipality for creating or maintaining a nuisance, see note in 15 Am. St. Rep. 845.

2. Liability of municipal corporations for injuries resulting from use of dumping grounds, see notes in 6 L. R. A. (n. s.) 1013; 43 L. R. A. (n. s.) 1038; L. R. A. 1915C, 747.

Liability of municipality for nuisance in throwing garbage on surface, see notes in 43 L. R. A. (n. s.) 1038, and L. R. A. 1915C, 717.

Same—Cities and Towns—Improper Dumping of Garbage—Complaint
—Sufficiency.
   3. A complaint alleging that defendant city had deposited and
burned large quantities of garbage and other refuse in the vicinity
of plaintiff's premises, as a result of which swarms of flies were
bred about his premises and the air became contaminated with
noxious odors and smells, detrimental to his health and depreciat-
ing the value of his property, was a sufficient statement of a cause
of action for damages as against a general demurrer.

Pleading and Practice—Improper Uniting of Causes of Action—Rule.
   4. The infallible test by which to determine whether a complaint
states more than one cause of action is: Does it present more than
one subject of action or primary right for adjudication?

Same—Injuries to Person and Property—Improper Uniting of Causes
of Action.
   5. Under section 9130, Revised Codes of 1921, a cause of action
for damages for injuries suffered by the owner of real property
personally by way of annoyance, discomfort, *etc.*, may not be
united with one for damages occasioned to the property itself by
its depreciation in value because of the maintenance of a nuisance.

*Appeal from District Court, Silver Bow County; Joseph R.
Jackson, Judge.*

ACTION by Terrence Lennon and others against the City of
Butte. Judgment for plaintiffs, and defendant appeals. Re-
versed and remanded.

*Mr. J. O. Davies* and *Mr. M. J. Cavanaugh,* for Appellant,
submitted a brief; *Mr. Davies* argued the cause orally.

Where an act is done under express authority of law it
cannot be held to be a nuisance, and there can be no
remedy against an act done under express authority of law
and no recovery of damages can be had without showing negli-
gence or mismanagement. (*Louisville & N. R. Co.* v. *Common-
wealth,* 158 Ky. 773, 166 S. W. 237; *Lakeshore & N. S. Ry.
Co.* v. *Chicago,* 48 Ind. App. 584, 92 N. E. 989; *City of
Valparaiso* v. *Hagen,* 153 Ind. 337, 54 N. E. 1062; *Dolan* v.
*C., M. & St. P. Ry. Co.,* 118 Wis. 362, 95 N. W. 385; *Hughes*
v. *McVey,* 113 Wash. 333, 194 Pac. 565; *Atwood* v. *City of
Bangor,* 83 Me. 582, 22 Atl. 466; *City of Lewistown* v. *Isaman,*

5. Joining and splitting claims for injury to person and property,
arising out of a single tort, see notes, 3 **Ann. Cas.** 464; **Ann. Cas.**
1912D, 256.

19 Idaho, 674, 115 Pac. 494; *Pritchet* v. *Board,* 42 Ind. App. 3, 85 N. E. 32; *Mull* v. *Indianapolis Traction Co.,* 169 Ind. 214, 81 N. E. 657; *City of Pasadena* v. *Stimpson,* 91 Cal. 238, 27 Pac. 604; *DuPont etc. Co.* v. *Dobson* (Okl.), 150 Pac. 1085; *State* v. *Erie R. Co.,* 84 N. J. L. 661, 87 Atl. 141.)

Causes of action for injury to person and injury to property cannot be joined. (*Lamb* v. *Harbough,* 105 Cal. 680, 39 Pac. 56; *Thelin* v. *Stewart,* 100 Cal. 372, 34 Pac. 861; *Schermerhorn* v. *Los Angeles Pac.·Ry. Co.,* 18 Cal. App. 454, 123 Pac. 351.)

*Mr. M. S. Galasso* and *Mr. N. A. Rotering,* for Respondents, submitted a brief; *Mr. Rotering* argued the cause orally.

The great weight of the authorities is to the effect that a municipality has no right to maintain a dump or garbage grounds within·a residential part of the city and this without regard as to whether it is mismanaged or not. (*Ostrom* v. *City of San Antonio,* 94 Tex. 524, 62 S. W. 909; *City of Coleman* v. *Price,* 54 Tex. Civ. 39, 117 S. W. 905, 906; *City of Georgetown* v. *Ammerman,* 143 Ky. 209, 136 S. W. 202, 203; *Bell et al.* v. *Mayor, etc.,* 139 Ga. 298, 77 S. E. 165; *City of Paris* v. *Jenkins,* 57 Tex. Civ. 387, 122 S. W. 411, 412; *City of New Albany* v. *Slider,* 21 Ind. App. 392, 52 N. E. 626; *Flannagan* v. *Bloomington,* 166 Ill. App. 162; *City of Haskell* v. *Webb* (Tex. Civ.), 140 S. W. 127, 128.)

There was no improper uniting of causes of action. Nearly all courts hold that in a case of a nuisance the cause of action is for the wrong and that the consequential injuries are items of damage, and that a complaint seeking recovery for the maintenance of a nuisance, setting up several items of damages, does not contain two or more causes of action. (*King* v. *Milwaukee etc. Ry. Co.,* 80 Minn. 83, 81 Am. St. Rep. 238, 50 L. R. A. 161, 82 N. W. 1113; *Mullereile* v. *Brandt et ux.,* 64 Wash. 280, 116 Pac. 868; *Proctor* v. *Southern Cal. Ry. Co.,* 130 Cal. 20, 62 Pac. 306; *Astill* v. *South Yuba Water Co.,* 146 Cal. 55, 79 Pac. 594.) In this case as in the California case *supra,*

the plaintiffs sought an abatement of the nuisance as well as damages. (See, also, *Doran* v. *Cohen*, 147 Mass. 342, 17 N. E. 647; *Bliss* v. *New York Cent. & H. R. R. Co.*, 160 Mass. 447, 36 N. E. 65; *Griffith* v. *Friendly*, 30 Misc. Rep. 393, 62 N. Y. Supp. 391; affirmed in 47 App. Div. 635; *Eagan* v. *New York Trans. Co.*, 39 Misc. Rep. 111, 78 N. Y. Supp. 209; 29 Cyc. 1265 *et seq.*)

MR. JUSTICE STARK delivered the opinion of the court.

This is an action wherein the plaintiffs seek to recover damages from the city of Butte on account of the dumping of ashes and garbage in the streets and alleys adjacent to their home. The complaint alleges that the defendant is a municipal corporation; that the plaintiffs are the joint owners of certain lots located in the residential portion of the city of Butte upon which they have erected a home, and other valuable improvements, and where they have resided since about the year 1913; that they have the right to the use and enjoyment of the air about said premises in a pure and uncontaminated condition and to the free and unobstructed use of the streets and highways about the same for ingress and egress; that the defendant, as a municipal corporation, has the power to regulate the deposition and removal of garbage in the streets and other public grounds of said city; that it had constructed an incinerator for the burning of garbage which was maintained at great expense, and that for more than nine years it had collected and removed garbage from certain sections of the city; that notwithstanding the construction and maintenance of such incinerator, the defendant had continuously since the year 1915 carried large quantities of garbage and offensive matter to the streets and other premises located at distances varying from 200 to 1,500 feet from the plaintiffs' house and had there dumped and burned many tons of the same each month; that by reason of these conditions millions of flies and other insects gathered and bred about the plaintiffs' premises, and the air became contaminated with noxious odors and smells, all of

which were detrimental to the health of plaintiffs, depreciated the value of their property, and constituted a nuisance. In paragraph 8 it is alleged that "By the acts hereinbefore mentioned the defendant has diminished the reasonable market value of plaintiffs' said premises and dwelling-house by more than $1,800." And in paragraph 9 it is alleged that "By the acts of the defendant as aforesaid, the plaintiffs have been ·injured, annoyed and discomforted and damaged in the sum of $25,000." The prayer of the complaint is for the sum of $26,800.

To this complaint the defendant demurred upon the grounds, amongst others: (1) That the same did not state facts sufficient to constitute a cause of action; (2) that causes of action had been improperly united, in that the plaintiffs were seeking to recover in one cause damages for injuries to persons and also damages for injury to property. The demurrer was overruled by the court. A trial was had which resulted in a verdict and judgment in favor of plaintiffs, from which the defendant has appealed.

Numerous errors are assigned, but we deem it necessary to consider only the first one, viz., that the court erred in overruling the demurrer to the complaint.

As to the contention that the complaint does not state facts sufficient to constitute a cause of action, we think it is without merit. Section 8642, Revised Codes of 1921, declares: "Anything which is injurious to health; or is indecent or offensive to the senses, or an obstruction to the free use of property, so as to interfere with the comfortable enjoyment of life or property, * * * is a nuisance." It is admitted that the facts alleged in the complaint bring the case within that definition, but it is urged that by reason of subdivision 7 of section 5039, Revised Codes of 1921, which provides, "The city or town council has power * * * to regulate the deposition and removal of ashes, garbage, and other offensive matter in any street, alley, or on public grounds, * * * " the acts of the city in making deposition of the ashes and garbage, as alleged,

were done under express authority of law, and therefore it could not be held that it was maintaining a nuisance, by reason of the provisions of section 8645, Revised Codes of 1921, which reads, "Nothing which is done or maintained under the express authority of a statute can be deemed a nuisance."

The general rule is that in grants of authority to municipal [1, 2] corporations, authority to commit a nuisance will not be implied, but must be expressed, and in the use of their private property they are subject to the same rules as individuals. (*Brower* v. *New York*, 3 Barb. (N. Y.) 254; *Sadler* v. *New York*, 40 Misc. Rep. 78, 81 N. Y. Supp. 308.) When the use and enjoyment of a legislative grant does not necessarily and naturally create a nuisance, but the nuisance results from the method of the use and enjoyment, the grant constitutes no defense. (20 R. C. L. 503.) The fact that section 5039, *supra,* gives a city the power to regulate the removal and deposition of garbage and offensive matter does not give it the right to so deposit the same as to create a condition which would be injurious to the health, or indecent, or offensive to the senses, and interfere with the comfortable enjoyment of life and property. Such a result would not naturally or necessarily follow from the grant of such a power.

The allegations of the complaint show that the plaintiffs [3] suffered special personal injury, annoyance, discomfort and damage, and also that their property was depreciated in value by the acts of the city in disposing of the garbage and other offensive matter in the manner described. It follows that they had a right to maintain their action for any damages thus sustained under the provisions of section 8654, which specifies the remedies against a private nuisance as either a civil action or abatement. (*Chessman* v. *Hale,* 31 Mont. 577, 3 Ann. Cas. 1038, 68 L. R. A. 410, 79 Pac. 254; *Murray* v. *City of Butte,* 35 Mont. 161, 88 Pac. 789.)

From what has been said above it is apparent that the complaint states a cause of action and there was no error in overruling the general demurrer.

Coming now to a consideration of the second ground of the [4, 5] demurrer, to-wit, that causes of action have been improperly united in that the plaintiffs seek to recover damages in one action for injuries to persons, and also damages for injuries to property, attention is directed to paragraph 8 of the complaint, which alleges that, "by the acts hereinbefore mentioned, the defendant has diminished the reasonable market value of plaintiffs' said premises and dwelling-house by more than $1,800," and to paragraph 9 thereof, which alleges that, "by the acts of the defendant as aforesaid, the plaintiffs have been injured, annoyed and discomforted and damaged in the sum of $25,000," and also to the prayer of the complaint in which the plaintiffs ask judgment for the total amount of the two sums mentioned, namely, $26,800. It is shown by these allegations that plaintiffs seek to recover for damages to their property and also, independently thereof, damages for the personal injuries, annoyances and discomforts suffered on account of the acts of the defendant.

Our statute, section 9130, Revised Codes of 1921, provides as follows: "The plaintiff may unite several causes of action, legal or equitable, or both, in the same complaint, where they all arise out of * * * (6) injuries to person; (7) injuries to property. The causes of action so united must all appear on the face of the complaint to belong to one only of these classes, and must affect all the parties to the action. * * * "

In *McLean* v. *Dickson,* 58 Mont. 203, 190 Pac. 924, this court quoted with approval the following language from *Adkins* v. *Loucks,* 107 Wis. 587, 83 N. W. 934: "The infallible test by which to determine whether a complaint states more than one cause of action is: Does it present more than one subject of action or primary right for adjudication?"

The allegations of the complaint under consideration disclose the invasion of two primary rights of the plaintiffs for which they were entitled to relief: (1) For the injuries, annoyances, discomforts and damages suffered by them personally, they could have maintained an action against the defendant irre-

spective of any injuries to their real property (*Fort Worth & Rio Grande Ry. Co.* v. *Glenn,* 97 Tex. 586, 104 Am. St. Rep. 894, 1 Ann. Cas. 270, 65 L. R. A. 818, 80 S. W. 922; *Hughes* v. *City of Auburn,* 21 App. Div. 311, 47 N. Y. Supp. 235; *Coates* v. *Atchison, T. & S. F. R. Co.,* 1 Cal. App. 441, 82 Pac. 641; *Hosmer* v. *Republic Iron & Steel Co.,* 179 Ala. 415, 43 L. R. A. (n. s.) 871, 60 South. 801; *Cushing-Wetmore Co.* v. *Gray,* 152 Cal. 118, 125 Am. St. Rep. 47, 92 Pac. 70); and (2) likewise they could have maintained an action against the defendant for damages to their real property irrespective of injuries to their persons (*Casebeer* v. *Mowry,* 55 Pa. 419, 93 Am. Dec. 766).

Under the express provisions of the statute, however, plaintiffs could not join their action for injuries to their persons and injuries to their property in the same complaint, and for this reason the court erred in overruling the demurrer upon the second ground stated. This determination renders it unnecessary to consider any of the other specifications of error alleged by the defendant.

The judgment is reversed and the cause remanded to the district court of Silver Bow county, with directions to sustain the demurrer to the complaint upon the second ground stated.

*Reversed and remanded.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES COOPER, HOLLOWAY and GALEN concur.