Edward R. HARVEY and Carol Harvey, Plaintiffs,

v.

Darlene POMROY, John Lynch & Mike Gray, City of Deer Lodge, Defendants.

No. CV–81–14–BU.

United States District Court,
D. Montana,
Butte Division.

Feb. 8, 1982.

Edward R. Harvey, pro se.

Nick Rotering, Sp. Asst. Atty. Gen., State of Mont., Dept. of Institutions, Helena, Mont., M. K. Daniels, Deer Lodge, Mont., for defendants.

## MEMORANDUM

HATFIELD, District Judge.

Plaintiffs, Edward R. Harvey and Carol Harvey, have instituted a civil rights action pursuant to 42 U.S.C. § 1983 for events occurring in 1976. The gist of the complaint is that Edward R. Harvey's parole was unconstitutionally violated and revoked. The complaint names as defendants the State of Montana,[1] Darlene Pomroy and John Lynch, both of whom served as Edward R. Harvey's parole officers, together with Powell County Deputy Sheriff Mike Gray and the City of Deer Lodge. The matter was submitted to the United States Magistrate for findings and recommendations. Having received those findings and recommendations, the court is now ready to rule.

## I. STATEMENT OF FACTS

On August 11, 1978, plaintiff Edward R. Harvey filed a civil rights action under 42 U.S.C. § 1983 in the District Court for the Third Judicial District, County of Powell, Montana. The substance of that complaint was essentially the same as the one now pending.[2] Named as defendants were the State of Montana, prison warden Roger Crist, parole officers John Lynch and Darlene Pomroy, and Cly Evans.

The defendants filed a motion for summary judgment in the state court action; the motion was brought on for hearing on

---

1. This court dismissed the State of Montana as a defendant on the grounds that it is not a proper party under 42 U.S.C. § 1983. *See Edelman v. Jordan*, 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974).

2. The state court action was *Edward R. Harvey v. State of Montana, et al.*, 603 P.2d 661.

The events which spawned both the prior state court and present federal court actions, as set forth in the respective complaints, are as follows:

While on parole in Deer Lodge, Montana, the plaintiff alleges that he was approached by Cly Evans, a parole board hearing officer, and was told that he need not report to his parole officer, John Lynch. As a result of the plaintiff's reliance on this statement, he was reported in mid-September 1976 by defendant Lynch for failing to report per his parole agreement.

Subsequently, in November 1976, plaintiff alleges that he and his wife were approached by Cly Evans, who commenced harassing them. After an exchange of words, Cly Evans telephoned the Sheriff's Department, identified himself as the plaintiff's parole officer, and

"had him arrested." After an on-sight hearing, for possible parole violations, the plaintiff was allowed to remain on parole and was assigned to a new parole officer, Darlene Pomroy. Plaintiff alleges that after the hearing, Cly Evans told him that he was not happy with the decision of the parole board and would "get" the plaintiff.

Thereafter, in December 1976, the plaintiff alleges that while he and his wife were sleeping, defendants Lynch, Pomroy and Gray illegally entered his residence. He was told by defendant Pomroy that because he had allegedly been drinking that day, he was going to be arrested. Plaintiff alleges that as a result of his illegal arrest, he was returned to prison and his parole was terminated.

Both the state court and present federal court actions were instituted under 42 U.S.C. § 1983. The issues raised in both actions, *i.e.*, whether the plaintiff's parole was unconstitutionally revoked, were disposed of by summary judgment in the original state court proceeding.

November 15, 1979. The presiding judge heard oral arguments and subsequently granted the defendants' motion. On November 30, 1979, the Clerk entered the memorandum and order granting summary judgment submitted to the court for consideration. Plaintiff lodged objections to the order and requested a hearing. By a Minute Entry dated January 16, 1980, the presiding judge denied the plaintiff relief.

Meanwhile, the plaintiff and his wife, Carol Harvey, instituted a civil rights action in federal district court.[3] At that time, the defendants argued that the matter was still pending in state district court and that the federal action was barred by collateral estoppel and abstention. Plaintiffs' original federal complaint was thereafter dismissed without prejudice, and they were allowed to refile. They ultimately did so by instituting the present action on March 5, 1981.

## II.  CONTENTIONS OF THE PARTIES

On March 25, 1981, defendants Lynch and Pomroy moved to dismiss the present complaint on the grounds that it failed to state a claim upon which relief could be granted. Defendants Lynch and Pomroy further moved to dismiss for lack of subject matter jurisdiction, and advanced two arguments in support thereof: first, that the two-year statute of limitations barred plaintiff Carol Harvey from bringing this suit; and second, that the previous state court action, which involved the same parties and issues, and which was adjudicated in favor of the defendants, barred the present action by the doctrine of *res judicata*. The motion to dismiss was supported by brief and was served on the plaintiffs.

Plaintiffs responded to the motion to dismiss filed by defendants Lynch and Pomroy by asserting that their case has been in court continuously and was filed in a timely manner.

On April 7, 1981, the City of Deer Lodge moved to dismiss the complaint on the grounds that it failed to state a claim upon

which relief could be granted. However, the motion was not supported by brief. Subsequently, on August 28, 1981, the City of Deer Lodge moved for summary judgment in its favor, asserting that none of the individual defendants were ever employed by the City of Deer Lodge, and were never an official, agent, or representative of the city. This motion is supported by an affidavit of the mayor. To date, the plaintiffs have not responded.

The United States Magistrate assigned to review the case made the following recommendations: (1) that the City of Deer Lodge be dismissed as a defendant; (2) that Carol Harvey's name be deleted as a party plaintiff; and (3) that the relevant portions of Edward R. Harvey's prior state and federal cases, involving the issues in the case at bar, be reviewed in determining defendants Lynch and Pomroy's motion to dismiss.

## III.  DISCUSSION

### A.  *City of Deer Lodge*

■ Defendant City of Deer Lodge has filed a motion for summary judgment, together with a supporting affidavit. The affidavit subscribes that none of the defendants were ever employed by, nor acted for, the City of Deer Lodge.

The court agrees with the substance of the motion filed by the City of Deer Lodge. Defendants Lynch and Pomroy, as Edward R. Harvey's parole officers, were employed by the State of Montana, and not the City of Deer Lodge. Similarly, defendant Gray, as deputy sheriff, was an employee of the county, and not the City of Deer Lodge.

These factors, coupled with the plaintiffs' failure to oppose the motion for summary judgment filed by the City of Deer Lodge, leads the court to conclude that the motion is well taken and acquiesced in by the plaintiffs. Rule 7(a), Local Rules of the United States District Court for the District of Montana.

---

**3.** The original federal court action was *Edward R. Harvey and Carol Harvey v. Roger W. Crist,* *et al.,* CV–80–4–GF.

Accordingly, the motion for summary judgment, filed by the City of Deer Lodge, is GRANTED, and the action against the City of Deer Lodge is DISMISSED.

### B. *Statute of Limitations*

Plaintiffs' complaint names Carol Harvey as a party plaintiff, and Mike Gray as a party defendant. The action instituted by Carol Harvey, and against Mike Gray, is barred by the two-year statute of limitations set forth at Montana Code Annotated [hereinafter MCA] § 27–2–211(1)(c) (1979).[4]

Federal statutes do not provide for a period of limitations for actions brought under 42 U.S.C. § 1983. Thus, federal courts ordinarily look to a period applicable under state law for these causes of action. *See Board of Regents v. Tomanio*, 446 U.S. 478, 100 S.Ct. 1790, 64 L.Ed.2d 440 (1980).[5] The Ninth Circuit Court of Appeals has explicitly ruled that the applicable limitations statute in Montana for causes of action arising under 42 U.S.C. § 1983 is Revised Codes of Montana § 93–2607(1) (1947) (current version at MCA § 27–2–211(1)(c) (1979)).[6] *Strung v. L. D. W. Anderson*, 452 F.2d 633 (9th Cir. 1972).

Although federal courts borrow state statutes of limitation in actions arising under 42 U.S.C. § 1983, the date on which the cause of action accrues is determined by federal standards. The time of accrual under federal law is when the plaintiff knows or has reason to know of the injury which is the basis for the action under 42 U.S.C. § 1983. *See Briley v. California, supra,* 564 F.2d at 855; *Cox v. Stanton*, 529 F.2d 47 (4th Cir. 1975).

Turning now to plaintiff Carol Harvey, the court finds that she is barred by the two-year statute of limitations in MCA § 27–2–211(1)(c) (1979) from bringing this action. A review of the present complaint reveals that the only incident which would give rise to any cause of action on her behalf occurred in 1976. The present action was not filed until March 5, 1981. The two year statute of limitations also barred her from bringing the previous federal action; CV–80–4–GF was filed on January 8, 1980, approximately four years after the cause of action had accrued. Further, Carol Harvey was not named as a plaintiff in the previous state court action.

The same rationale applies to defendant Mike Gray. The only incident from which a cause of action could have been derived against him under 42 U.S.C. § 1983 also occurred in 1976. Yet, he was not named as a defendant in either the previous state court or federal court actions. Thus, the two year period of limitations bars any cause of action from being instituted against him in the present complaint.

Accordingly, Carol Harvey is barred by the two year statute of limitations in MCA § 27–2–211(1)(c) from bringing this action; she is therefore DISMISSED as a party-plaintiff in the present action. Similarly, the cause of action against defendant Mike Gray is barred by the two year statute of limitations; he, and the action against him, are therefore DISMISSED.

### C. *Res Judicata*

Turning now to the remaining plaintiff, Edward R. Harvey, the court finds that he is prevented from maintaining the present action by the doctrine of *res judicata*. Plaintiff instituted an action under 42 U.S.C. § 1983 in state court; that action involved the same factual transaction, the same cause of action, and, with regard to defendants Lynch and Pomroy, the same parties as in the present action.[7] It is well established that the principle of *res judicata*

---

**4.** MCA § 27–2–211(1)(c) (1979) states:
(1) Within 2 years is the period prescribed for the commencement of an action upon:
  \* \* \* \* \* \*
(c) a liability created by statute. . . .

**5.** *See also Briley v. California*, 564 F.2d 849 (9th Cir. 1977); *Mason v. Schaub*, 564 F.2d 308 (9th Cir. 1977).

**6.** *See* note 4, *supra.*

**7.** *See* note 2 and accompanying discussion, *supra.*

is fully applicable to civil rights actions brought under 42 U.S.C. § 1983. *See Preiser v. Rodriguez*, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973); *Scott v. California Supreme Court*, 426 F.2d 300 (9th Cir. 1970).

Because the plaintiff instituted an action under 42 U.S.C. § 1983 in state court, and because he was subsequently denied relief in state court, he is barred by *res judicata* from bringing the same action and the same parties into federal court.

Accordingly, the action by plaintiff Edward R. Harvey against defendants Lynch and Pomroy is DISMISSED.

An appropriate order shall issue.