No. 91-307

IN THE SUPREME COURT OF THE STATE OF MONTANA

1992

LORRAINE KNIGHT and THE ESTATE OF FORD KNIGHT, SAM MILLER and
KRISTINE MILLER, LOIS BLEVINS and THE ESTATE OF KENNETH BLEVINS,
RONALD BLOOMQUIST and KARI BLOOMQUIST, RICHARD BORDER and SONJA
BORDER, VIRGINIA CLINKER and THE ESTATE OF CHARLES CLINKER, KARL
COLEMAN and KAREN COLEMAN, WAYNE HIETT and CORA HIETT, THOMAS
HOSHAW and DOROTHY HOSHAW, WAYNE KNUTSON and DOROTHY KNUTSON,
PEGGY KURTZ, ROBERT MULLENDORE and TANA MULLENDORE, JAMES
MUNRO and NANCY MUNRO, KEVIN MURPHY and JUDY MURPHY, LEON SPITZ
and CATHY SPITZ, THOMAS TAYLOR and JOANNE TAYLOR, GORDON SPRING
and PATTI SPRING, THERESA COX,

     Plaintiffs and Appellants,

  vs

The CITY OF MISSOULA, the COUNTY OF MISSOULA,

     Defendants and Respondents.

FILED

MAR 10 1992

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM: District Court of the Fourth Judicial District,
                In and for the County of Missoula,
                The Honorable Jack L. Green, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        William C. Watt; Mullendore and Watt, Missoula,
        Montana.

    For Respondent:

        Sarah M. Power; Gough, Shanahan, Johnson & Waterman,
        Helena, Montana; Jim Nugent, Missoula City
        Attorney, Missoula, Montana.

Submitted on Briefs: December 31, 1991

Decided: March 10, 1992

Filed:

Clerk

Justice R. C. McDonough delivered the Opinion of the Court.

Plaintiffs, Lorraine Knight, et al. (Knight), appeal from an order of the Fourth Judicial District, Missoula County, granting summary judgement in favor of the defendant, City of Missoula. Knight initiated nuisance and constitutional claims against the City of Missoula seeking closure of a dirt road and damages for injuries claimed to result from the creation and use of the dirt road. The District Court dismissed all of Knight's claims as a matter of law. We affirm in part, reverse in part, and remand for further proceedings.

Knight raises the following issues for our review:

1) Did the District Court err by dismissing Knight's 42 U.S.C. § 1983, claim?

2) Did the District Court err by dismissing Knight's inverse condemnation claim?

3) Did the District Court err by dismissing Knight's nuisance claim?

This case involves a dirt road, currently known as Pineridge Drive, that was cut through a park at the end of Knight's road, Takima Drive, in 1957. Both Takima and Pineridge Drive lie within the plat of the 'Far Views Homesites, Missoula County, Montana, Addition No. 1', which was platted and approved September 21, 1945. The 1945 plat dedicates the area in which Pineridge Drive lies as Hemayagen Public Park. A 1955 replat, titled 'Pattee Canyon Addition No. 2, to Far Views Homesites', shows Takima Drive as a dead-end street. Pineridge Drive first appears in a replat

2

entitled 'Far View Homesites, Addition G-1' approved December 19, 1957. Pineridge Drive remained entirely within the County of Missoula until January 6, 1958, when by resolution No. 2000, the City of Missoula annexed a portion of land through which the road passes.

Knight contends that the 1957 dedication of Pineridge Drive was approved in violation of substantive and procedural laws. Several affidavits offered by residents of Takima Drive maintain that when the road was initially made, they were given assurances that it would be temporary. No formal actions were taken by residents of Takima Drive that the road was illegal and should be closed prior to October 2, 1984, when this action was filed. On June 12, 1989, the Missoula City Council held a public hearing and voted 11-1 to deny a closure petition made by Takima residents.

There is evidence to support that Pineridge Drive has created increased traffic, dust, noise, and runoff problems. These problems allegedly have caused a variety of health problems, physical danger, and the loss of use and enjoyment of the plaintiffs' homes and adjacent property. Knight contends that because the road was illegally established it should be permanently enjoined and that the plaintiffs are entitled to damages for the road's continued use.

I.

Knight alleges that Pineridge Drive was illegally created because it runs through a public park and there was a failure to provide public notice and/or a public hearing prior to vacating a

3

portion of the park and establishing the road. Furthermore, Knight alleges that the road was created by the developer without approval from any authority. The alleged illegality of the road and the dust, drainage, traffic and safety problems allegedly associated with the road are argued to constitute interference with the Knight's Fourteenth Amendment right to enjoy property. As such, Knight claims, the creation of and the City's refusal to close the road are actionable under 42 U.S.C. § 1983, which provides that every person who under color of state law, deprives another of rights secured by the U.S. Constitution or federal law, is liable for damages in an action at law or in equity.

The District Court held that any challenges regarding creation of the road are barred by the statutes of limitations. The court reasoned that the cause of action against creation of the road accrued against the City of Missoula in 1958 when annexation proceedings were completed. Because twenty seven years passed from the time this action accrued until the time this action was filed, in 1984, the action was determined to be barred. Furthermore, the District Court ruled that Knight presented no admissible evidence of facts necessary to raise a genuine factual dispute regarding the elements of a § 1983 claim and thereby the claim failed as a matter of law.

Section 27-2-102(1)(a), MCA, provides that a claim or a cause of action accrues when all elements of the claim exist or have occurred, the right to maintain an action on the claim is complete and a court is authorized to accept jurisdiction. Section 27-2-

4

102(3), MCA, states:

> The period of limitation does not begin on any claim or cause of action for an injury to person or property until the facts constituting the claim have been discovered. . . .

Statutes of limitation commence to run when the cause accrues or, at latest, on date of discovery of facts which would give rise to cause of action. Masse v. State Department of Highways (1983), 204 Mont. 146, 664 P.2d 890. Section 1983 claims accrue when the plaintiff knows of the injury which is the basis for the action. Harvey v. Pomroy (D. Mont. 1982), 535 F. Supp. 78, 81.

In regards to Knight's claims arising from the creation of the road, the cause of action accrued when the road was created. Affidavits submitted by Knight indicate the Takima residents were aware of the creation of the road even as the bulldozer was at work. We agree with the District Court that the action against the City accrued at the time the City annexed the road. Section 27-2-207, MCA, is the statute of limitations for actions involving the injury to real property, and provides that an action must be brought within two years from the time the action accrues.

Knight offers evidence that representations were made to several Takima residents that the road was temporary in order to aide in construction of other houses in the sub-division. Montana has recognized the doctrine of fraudulent concealment as tolling the statute of limitations until the cause of action is discovered or could have been discovered through due diligence. Johnson v. St. Patrick's Hospital (1966), 148 Mont. 125, 129, 417 P.2d 469. However, there is no evidence nor claim of fraud presented in this

5

action. When construction was completed, and thereafter, the Takima residents were aware of and continued to complain of the creation of the road and the problems arising therefrom. These problems are the facts upon which Knight now bases the § 1983 claim.

We conclude that Knight's § 1983 claim arising from the alleged illegal creation of Pineridge Drive is barred by § 27-2-207, MCA. We further conclude that there was no fraudulent concealment tolling the statute of limitations.

Turning now to the maintenance of and refusal to close Pineridge Drive, Knight alleges that the City of Missoula acted in an arbitrary and capricious manner violating the guarantees of substantive due process and Knight's constitutional right to enjoy property. Knight contends that the continued use of Pineridge Drive and failure to close the road are actions committed under the color of state law, deprives the Takima residents of property rights guaranteed by the Fourteenth Amendment and therefore is actionable under § 1983. We disagree.

The United States Supreme Court, in companion cases construing the applicability of 42 U.S.C. § 1983, to negligence actions, held that the due process clause is not implicated by the negligent act of an official causing unintended loss to life, liberty or property. Daniels v. Williams (1985), 474 U.S. 327, 328; Davidson v. Cannon (1985), 474 U.S. 344, 347. Essentially, when state tort law remedies are held to satisfy due process requirements in negligence actions, a § 1983 action does not rise. However, if the

6

challenged government action is so egregious, and 'shocking to the conscious' so as to constitute a depravation of fundamental due process, the availability of a state remedy does not bar federal relief under § 1983. Rutherford v. City of Berkeley (9th Cir. 1986), 780 F.2d 1444, 1448. The Ninth Circuit has held that:

> To establish a violation of substantive due process, the plaintiffs must prove that the government's action was "clearly arbitrary and unreasonable, having no substantial relation to the public health, safety, morals or general welfare" (citations omitted) Sinaloa Lake Owners Association v. City of Simi Valley (9th Cir. 1989), 882 F.2d 1398, 1407.

In the case at bar, we do not find the actions of the City of Missoula to be egregious, shocking to our conscious, arbitrary nor capricious. To the contrary, the City held an open public meeting where testimony was received both in support of and against the proposed resolution to close the road. After some debate, the City Council voted down the request to close Pineridge Drive. Knight was afforded opportunity to be heard and the City Council appears to have carefully considered the issue in the context of promoting the general public welfare.

The issue regarding the continued use and maintenance of Pineridge Drive is merely a question of negligence not giving rise to a federal claim under § 1983. Furthermore, Knight has available adequate state remedies that pursuant to this opinion may be sought. We conclude that all claims under 42 U.S.C. § 1983, should be and are dismissed.

II.

In the second amended complaint, Knight alleged that:

7

> the interference with the use and enjoyment of Plaintiffs' property resulting from the construction, use and refusal to close the dirt road constitutes a taking and damage to Plaintiffs' private property without just compensation in contravention of [U.S. and Montana Constitutions] and entitles Plaintiffs to recover damages and expenses of litigation.

The District Court ruled, and for reasons provided above, we affirm that any claim arising from the creation of the road is barred by the statute of limitations. However, there remains the portion of Knight's claim arising from the existence, the use, and the City's refusal to close the road. The District Court found, on the basis of facts presented, that the takings claim arising from "increased traffic" and the resultant increase in "noise dust and fumes, etc." was not barred by the statute of limitations. There is evidence that the problems intensified in 1982 when a nearby road was apparently closed for resurfacing.

Nonetheless, the District Court ruled that this Court's holding in Adams v. Department of Highways (1988), 230 Mont. 393, 753 P.2d 846, precludes a finding of a taking without just compensation for increased traffic and the resultant increase in noise, dust, and fumes, etc., when no physical taking has occurred. As such, the District Court granted summary judgment finding that even if all that Knight alleges is true, the City of Missoula is entitled to judgment as a matter of law.

Adams, involved a situation in which the widening of a road caused similar problems of dust, traffic increase and so forth as alleged in the instant case. In Adams, we held that damage caused by the traffic increase was non-compensable and that a taking had

8

not occurred. However, in Adams, we emphasized that our conclusion was based on the facts of that case. Specifically, the property was adjacent to an already improved highway in an area zoned for residential and commercial use. We stated that although there may have been a diminution in value of the property as residences, there was an increased commercial value. Adams v. Department of Highways (1988), 230 Mont. 393, 401. We stated further that:

> "Noise, light, vibration, and fumes from traffic on modern four-lane highways are ' inconveniences that are reasonably incident to the prosecution of necessary public enterprises' and as such must be and are borne by the public at large." (Citation omitted.) Adams, 230 Mont. at 403.

We conclude that the District Court erred in its broad reading and application of Adams to the instant case which involves a dirt road in a residential area and cannot be dismissed as a matter of law on the basis of a potentially increased commercial value. Adams, does not stand for the proposition that all takings claims arising from increased traffic and the effects thereof are to be dismissed as a matter of law. We emphasized that a factual determination was necessary to determine if:

> the interference caused by increased traffic, . . . is of direct, peculiar and sufficient magnitude to allow for compensation".

In addition, quoting 'Nichols on Eminent Domain' we added:

> "Personal inconvenience or discomfort to the owner or interference with the business conducted on the land is not compensable unless such results are causative factors in the depreciation in value of the land." Adams, 230 Mont. at 399; citing 2A Nichols on Eminent Domain Section 6.31[2], pp. 6-221-6-222.

We conclude that Adams, makes clear that there are certain, though

9

limited, circumstances in which problems associated with increased traffic may be compensable under the doctrine of inverse condemnation.

Generally, acts conducted in the proper exercise of a police power do not constitute a taking of property and do not entitle the owner for compensation for any impairment to such property. Yellowstone Valley Elec. Co-op, Inc. v. Ostermiller (1980), 187 Mont. 8, 608 P.2d 491. If state action is a proper exercise of the police power and is directly connected with manners of public health, safety and welfare, a reasonable burden may be imposed on private property. State Department of Highways v. City of Helena, (Mont. 1981), 632 P.2d 332, 38 St.Rep. 1283. Section 7-14-4101, MCA, clearly authorizes road construction as a governmental function of a municipality. Setting Knight's claim of illegal creation aside, there can be no doubt that the City of Missoula has, within its granted powers, the authority to open and close roads in its jurisdiction. However, valid exercise of police power, standing alone, does not prevent an inverse condemnation suit. Knight v. Billings (1982), 197 Mont. 165, 642 P.2d 141.

In Knight, the residents of a residentially zoned street requested a change in their zoning after their street had grown from a quiet, two lane residential area to a five lane commercialized area. The city denied the request and an inverse condemnation suit was brought alleging similar problems of increased traffic, noise and dust. We held that despite the fact the city had validly exercised its powers to widen the road and to

10

deny the request to rezone, the diminution in property value (20-30%) entitled the appellants to compensation. However, our decision was based on the fact that expansion of the road had necessitated the physical taking and compensation for homes immediately across the street.

There remains a factual question of whether or not the alleged increased traffic and resulting problems on Pineridge Drive have caused a depreciation in the value of the Takima residents' property such that it gives rise to compensation under the standards discussed above.

Rule 56(c), M.R.Civ.P., instructs the court that summary judgment should be granted when:

> the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

On review, this Court applies the same standard as the district court in reviewing a grant or a denial of a motion for summary judgment. Kronen v. Richter (1984), 211 Mont. 208, 683 P.2d 1315. A party opposing a motion for summary judgment must present facts of a substantial nature; speculative statements are insufficient to raise a genuine issue of material fact. Brothers v. General Motors Corp. (1983), 202 Mont. 477, 658 P.2d 1108.

A property owner may recover in an inverse condemnation action where actual physical damage is proximately caused to his property by a public improvement as deliberately planned and built. Rauser v. Toston Irrigation Dist., 172 Mont. 530, 565 P.2d 632, citing

11

Albers v. County of Los Angeles, 62 Cal.2d 250, 42 Cal.Rptr. 89, 96, 398 P.2d 129, 136; 20 Hastings Law Journal 431. It is implicit in inverse condemnation that the extent of damage be of such a degree as to amount to a taking of an interest in the property damaged. Rauser, 172 Mont. at 539, citing Albers, 398 P.2d at 136. We held in Knight, that the measure to be used for damages in an inverse condemnation action is the change in the fair market value of the property from before to after the condemnation.

The District Court found that Knight offered very little admissible proof of their claim, doubting that enough evidence was presented to raise a genuine factual issue. We have reviewed the record and disagree. Affidavits submitted clearly provide a factual basis for problems associated with traffic, dust and runoff. Furthermore, in Knight's complaint, it is alleged that "the value of the property is substantially diminished." Support of this allegation is provided in affidavits which add that Pineridge Drive:

has greatly affected [our] property value

and
we believe that our property has been devalued significantly. There is no question in my mind that anyone looking at buying our property would lower their estimation of its value . . .

We conclude that these statements are sufficient to raise a genuine issue of material fact regarding diminution of the property value. Whether or not there has been a diminution in the value of Knight's property and whether or not the traffic, dust and runoff problems are of a significant magnitude that compensation is due,

12

are questions of fact. Knight has satisfied his burden of introducing evidence that places these questions of material fact at issue.

Therefore, the District Court's grant of summary judgment denying the inverse condemnation claim is in error and we reverse.

III.

Knight alleges that the creation, continuing use, and lack of maintenance of Pineridge Drive constitutes a public nuisance which is specifically injurious to the plaintiffs. Knight seeks to have the use of the road enjoined and to recover damages. The District Court held that even if the road were to constitute a nuisance, Knight's claim is barred by the statutes of limitations and the City's immunity from suit.

The District Court found the applicable statutory period to be two years for injury to property and three years for any torts. The court stated that:

> any liability which the City of Missoula might have incurred on the grounds that the road in question is a public nuisance is limited by the applicable Statutes of Limitations to injury, which occurred within the statutory period immediately preceding the filing of Plaintiffs' original Complaint.

In other words, the court concluded that any injuries sustained, based on a nuisance claim, prior to October 3, 1981, were time barred. Furthermore, the court concluded that § 2-9-111, MCA, provided immunity to the City after its July 1, 1977 effective date and therefore any nuisance claim arising after October 3, 1981, was dismissed on this basis.

In nuisance actions, if the nuisance is of a temporary,

13

continuing nature, the statute of limitations is tolled until the source of the injury is abated. Graveley Ranch v. Scherping (1989), 240 Mont. 20, 782 P.2d 371. In contrast, if the nuisance is permanent, the action accrues at the time the cause of the action is discovered. The District Court found that the instant case involved a permanent nuisance because Knight was complaining about the same problems with the road at the time it was built as he complains of 27 years later in this action. We disagree.

We have held that a nuisance is a continuing nuisance when:

> . . . at all times, the City could have abated the nuisance by taking curative action. Since the nuisance was so terminable, it cannot be deemed to be a permanent nuisance as of the creation date. . .

Walton v. City of Bozeman (1978), 179 Mont. 351, 356, 588 P.2d 518, 521. In Graveley, we found the presence of exposed lead batterys to be a continuing nuisance because the hazardous situation could have been readily abated at any time by their removal. In Walton, the City of Bozeman relocated an irrigation ditch and constructed a storm sewer which caused annual flooding of plaintiff's land. We concluded that it was a continuing nuisance because the flooding was terminable by taking curative action such as cleaning the diversion box. Walton, 179 Mont. at 356.

In the instant case, the City could have and may readily abate the problems by closing, paving, or otherwise maintaining Pineridge Drive. Therefore, we conclude that this case involves a continuing nuisance and the statute of limitations is tolled until the nuisance is abated.

The City of Missoula held a public hearing to address the

14

Takima residents' proposed resolution to abate the alleged nuisance by closing Pineridge Drive. Upon motion, the resolution was denied. The City of Missoula claims that "the language in § 2-9-111, MCA, clearly immunizes the City of Missoula from any claims against it arising out of the actions of its City Council." Section 2-9-111, MCA, as amended in 1991, provides in pertinent part:

> **Immunity from suit for legislative acts and omissions.**
> (1) As used in this section:
>     (a) the term "governmental entity" means. . . municipalities, and any other local government entity or local political subdivision vested with legislative power by statute;
>     . . .
>     (c)(i) the term "legislative act" means:
>         (A) actions by a legislative body that result in creation of law or declaration of public policy;
>         (ii) the term legislative act does not include administrative actions under-taken in the execution of a law or public policy.
>
> (2) A governmental entity is immune from suit for a legislative act or omission by its legislative body...

There is no dispute that the Missoula City Council is a governmental entity within the meaning of § 2-9-111,(1)(a), MCA. However, the 1991 amendments to § 2-9-111, MCA, make clear that a governmental entity is no longer immune for <u>all</u> of its actions. Under § 2-9-111, MCA (1991), a governmental entity is immune from suit for its legislative acts or omissions but not for its administrative acts. The statute provides, and we have held, that a legislative act is an action by a legislative body which results in creation of law or declaration of public policy. § 2-9-111, MCA, Dagel v. City of Great Falls (Mont. 1991), 819 P.2d 186, 48 St.Rep. 919. In contrast, the statute provides that an

15

administrative act is one taken in the execution of a law or policy. Section 2-9-111(1)(c)(ii), MCA.

The City of Missoula and the District Court characterized Knight's claims in two categories: (1) objections to the manner in which the road was created, and (2) objections to the failure of the City to grant the Takima residents' desires to close the road. We note that the nuisance claim arises not only from the creation of Pineridge Drive and the denial of the proposed resolution, but also, more accurately, from the manner in which the City has maintained Pineridge Drive.

We have long held that the duty of a city in connection with the maintenance of its streets is an administrative function of the city. Griffith v. City of Butte (1925), 72 Mont. 552, 234 P. 829; Sullivan v. City of Helena (1890), 10 Mont. 134, 25 P. 94; Snook v. City of Anaconda (1901), 26 Mont. 128, 66 P. 756; Ford v. City of Great Falls (1912), 46 Mont. 292, 127 P. 1004.

We have also consistently held that a governmental entity is entitled to no more deference than a private citizen in matters of creating a public nuisance. Murray v. City of Butte (1907), 35 Mont. 161, 88 P. 789; Lennon v. City of Butte (1923), 67 Mont. 101, 214 P. 1101; Walton v. City of Bozeman (1978), 179 Mont. 351, 588 P.2d 518. "There is no doubt that a city is liable for damages with respect to maintaining a nuisance in the same manner as a private person." Walton, 179 Mont. at 356.

The City of Missoula points to the language of § 27-30-101(2) which states:

> Nothing which is done or maintained under the express
> authority of a statute can be deemed a nuisance.

The power to close a road is specifically within the powers granted to the City under § 7-14-4101, and § 7-14-4114, MCA, and as such, the City argues, cannot be deemed a nuisance. However, liability for nuisance cannot be avoided on the ground that a city was exercising governmental powers because when a governmental entity in its method of administration of such powers creates a nuisance it is not exercising the governmental function but is doing something forbidden by law. Speiser, The American Law of Torts, Vol.2, § 6:14. It is a generally recognized exception to the rule of sovereign immunity that the immunity does not extend to a suit for the abatement of a nuisance. 58 Am.Jur.2d Nuisance, § 55. Furthermore, § 2-9-102, MCA, provides that:

> Every governmental entity is subject to liability for its
> torts... whether arising out of a governmental or
> proprietary function except as specifically provided by
> the legislature under Article II, section 18, of The
> Constitution of the State of Montana.

We conclude that maintenance of Pineridge Drive is an administrative act of the City of Missoula for which § 2-9-111, MCA, provides no immunity. Furthermore, we conclude, consistent with our previous decisions, that a municipality is not immune from nuisance claims.

> Section 27-30-101(1), MCA, defines nuisance as follows:

> (1) Anything which is injurious to health, indecent or
> offensive to the senses, or an obstruction to the free
> use of property, so as to interfere with the comfortable
> enjoyment of life or property, . . . is a nuisance.

Affidavits submitted by Knight state that at least several of the

17

Takima residents are experiencing problems with the increased traffic, dust and runoff, which would give rise to a nuisance claim. Reviewing all of the evidence in a light most favorable to Knight, a prima facie claim of nuisance has been made. Therefore, there is a genuine issue of material fact and summary judgment is inappropriate.

The District court is reversed on this point and this case remanded for further proceedings not inconsistent with this decision.

Affirmed and reversed.

_____
Justice

We Concur:

_____
_____
_____
_____
Justices

18

IN THE SUPREME COURT OF THE STATE OF MONTANA

No. 91-307

LORRAINE KNIGHT, et al.,

     Plaintiffs and Appellants,

-v-                         )     O R D E R

THE CITY OF MISSOULA and
THE COUNTY OF MISSOULA,

     Defendants and Respondents.

Defendant and Respondent, the City of Missoula, has filed a

petition for rehearing in the above cause; and Plaintiffs and

Appellants, Lorraine Knight, et al., have filed their response.  It

is requested in the petition for rehearing that this Court's

opinion in the above cause be clarified.   The petition for

rehearing and request for clarification; and the response having

been considered by this Court,

IT IS ORDERED that Opinion No. 91-307, dated March 10, 1992,

is clarified on page 8 as follows:

> The District Court ruled, and for reasons provided above,
> we affirm that any claim arising from the creation of the
> road is barred by the statute of limitations.  However,
> there remains the portion of Knight's claim arising from
> the existence, the use, and the City's refusal to close
> the road.  The District Court ruled on the basis of facts
> presented, and the question raised thereby, that the
> takings claim arising from "increased traffic" and the
> resultant increase in "noise dust and fumes, etc." was
> not barred by the statute of limitations as a matter of
> law.  There is evidence that the problems intensified in
> 1982 when a nearby road was apparently closed for
> resurfacing.  It is a question of fact to be decided by
> the finder of fact if there was a taking and if that
> taking occurred within the applicable statute of
> limitations.

IT IS FURTHER ORDERED the petition for rehearing is denied.

DATED this 2ND day of ~~March~~ April, 1992.

_____

_____

_____

_____

_____
                    Justices

March 10, 1992

## CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:

Philip D. Tawney and William C. Watt
MULLENDORE & TAWNEY
P.O. Box 9380
Missoula, MT 59807

Martha McClain
Deputy Missoula County Attorney
County Courthouse
Missoula, MT 59802

Jim Nugent
Missoula City Attorney
201 West Spruce
Missoula, MT 59802

Sarah M. Power
GOUGH, SHANAHAN, JOHNSON & WATERMAN
P.O. Box 1715
Helena, MT 59624

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: _____
Deputy