No.  93-554

IN THE SUPREME COURT OF THE STATE OF MONTANA

1994

NORTHERN LIGHTS, INC.,
an Idaho corporation,

     Plaintiff and Respondent,

  v.

THE STATE OF MONTANA,
DEPARTMENT OF HIGHWAYS,

     Defendant and Appellant.

APPEAL FROM:    District Court of the First Judicial District,
                In and for the County of Lewis and Clark,
                The Honorable Dorothy McCarter, Judge presiding.

COUNSEL OF RECORD:

     For Appellant:

          Nick A. Rotering and James R. Beck, Department of
          Transportation, Helena, Montana

     For Respondent:

          Larry D. Epstein and Thane P. Johnson, Werner,
          Epstein & Johnson, Cut Bank, Montana

FILED

MAY 03 1994

Filed:

CLERK OF SUPREME COURT
STATE OF MONTANA

Submitted on Briefs:  April 7, 1994

Decided:  May 3, 1994

Clerk

Chief Justice J. A. Turnage delivered the Opinion of the Court.

The State of Montana, Department of Highways, now the Department of Transportation (Department), appeals from a summary judgment order of the First Judicial District Court, Lewis and Clark County. The court ordered the Department to reimburse Northern Lights, Inc. (Northern), an Idaho utility company, for 75 percent of expenses incurred in relocating its utility facilities which were situated near a federal-aid secondary road in rural Lincoln County, Montana. We affirm.

The Department questions whether the District Court erred in determining that § 60-4-403, MCA, required the State to reimburse Northern for 75 percent of its relocation expenses and whether Northern's claim for reimbursement was barred by § 27-2-211, MCA.

Northern owns certain utility facilities located in Lincoln County. Portions of the facilities are located on United States Forest Service land and portions are located on private properties.

Prior to 1986, the Federal Highway Administration (FHWA) decided to finance and construct a forest highway on Montana's federal-aid secondary road located in Lincoln County. By agreement with FHWA, the Department purchased necessary rights-of-way and administered the road project for the FHWA.

Part of the Department's administration of the project entailed asking Northern to relocate its utility facilities which were located on Forest Service land. Northern complied. The District Court specifically noted:

2

Northern Lights began the process of moving its utilities in November of 1987 and completed the principal portion of its work by April of 1988. However, the entire relocation project was not completed until March 1989.

The Department and Northern did not operate pursuant to any written contract; the Department did, however, prepare and offer Northern a utility relocation agreement, which Northern refused to sign.

In January 1989, Northern requested a hearing pursuant to § 60-4-402, MCA, and the Department declined to grant the request. This declaratory judgment action followed that denial and the Department's refusal to reimburse Northern for a portion of the cost of relocating its utility facilities.

## ISSUE 1

Did the District Court err in determining that the Department must reimburse Northern for 75 percent of relocation expenses as set forth in § 60-4-403, MCA?

This Court reviews a district court's decision for or against summary judgment by utilizing the same criteria the court used in its deliberations. Knight v. City of Missoula (1992), 252 Mont. 232, 827 P.2d 1270. Summary judgment is appropriate when there are no disputed issues of material fact and one party is entitled to judgment as a matter of law. Rule 56(c), M.R.Civ.P. Here, where both parties agree there are no disputed issues of material fact, we review whether Northern is entitled to judgment as a matter of law.

The Department asserts that judgment in favor of Northern is improper because it believes that the provisions of § 60-4-403, MCA, do not apply when federal funds are used to construct a highway in Montana and when the utility company involved has a Forest Service permit to be on the land. We disagree.

When interpreting statutes, courts are to "simply . . . ascertain and declare what is in terms or in substance contained therein, not to insert what has been omitted or to omit what has been inserted." Section 1-2-101, MCA; see also State ex rel. Neuhausen v. Nachtsheim (1992), 253 Mont. 296, 299, 833 P.2d 201, 203-04. Section 60-4-403, MCA, provides:

> Seventy-five percent of all costs of relocation, including the costs of acquisition of new right-of-way, of dismantling and of removal, shall be paid by the department as a cost of highway construction.

The section does not list any prerequisites for payment, contrary to the Department's assertions. It does not contemplate, mention or refer to federal or state ownership of the highway. Cf. § 60-4-401, MCA. It does not require that the utility company own, rent or lease the land. Nor does it require that the Department and the utility company have a written contract, specifying payment provisions.

The only requirement before 75 percent of relocation costs must be paid by the Department under § 60-4-403, MCA, is that a utility company relocate its utility facilities in order for the Department to further highway construction. Northern did relocate

4

its facilities. We therefore conclude that the District Court did not err in determining that the Department must pay 75 percent of Northern's relocation costs.

ISSUE 2

Was Northern's claim for reimbursement of relocation expenses barred by § 27-2-211, MCA?

The Department argues that Northern's claim for reimbursement was barred by the statute of limitations set forth at § 27-2-211, MCA, because it alleges that Northern completed relocation of the utility facilities during April 1988. While we agree that Northern's claim for reimbursement was a statutory claim with a two-year statute of limitations pursuant to § 27-2-211, MCA, we disagree with the Department's allegation that the relocation was completed during April of 1988.

The Department bases its allegation on answers it received during the discovery phase of this litigation, which were filed in connection with the Department's June 1991 motion for summary judgment. Specifically, when the Department asked Michael Fox, the general manager of Northern, whether the relocation project was completed during April, 1988, Fox said yes. Fox later clarified his response by stating:

> As indicated in [the answer to the Department's question], . . . the major portion of the relocation work for which reimbursement is sought in this action, was completed by the latter part of April, 1988. It was this work to which affiant referred in response to Defendant's counsel's question at deposition herein, indicating that

5

this portion of the work was, in fact, completed in April of 1988.

Plaintiff corporation utilized the services of an independent contractor in the major portion of this relocation project and it was that work, referred to as "primary utility relocation" to which affiant referred in his response to deposition questioning by counsel for defendant and in response to Interrogatories from Defendant. This contractor's work was substantially completed in April of 1988.

Plaintiff's claim upon which this action is based includes various items of work that were conducted in relocation of facilities for this project in the months following April of 1988 including work done directly by Plaintiff in November of 1988 and relocation of poles as recently as March, 1989. Work Orders Nos. 88-865, 88-822 and 89-820 (referred to in affiant's deposition and Defendant's brief) were completed after the main project was completed and are a part of Plaintiff's claim herein.

In its November 4, 1991, Order, the court stated:

In this claim for payment under Section 60-4-403, the utility is entitled to recover a percentage of all costs of relocation. Thus, the full demand for payment cannot be made until the entire relocation project is completed. On this basis, Northern Light's cause of action accrued upon completion of its relocation project, in March of 1989. Since the complaint was filed in July of 1990, less than two years later, the action is not barred.

After reviewing the record, we conclude that the court did not err in determining that Northern's claim was not barred by § 27-2-211, MCA. Affirmed.

J. A. Turnage
Chief Justice

6

We concur:

_John Conway Harrison_

_William E Hunter_

_Fred J. Weber_

Justices