JUSTICE HUNT,
dissenting.
I dissent from the majority opinion. Rucinsky first learned of the telephone tapping from Hentchel in 1988, during a heated discussion about her alleged infidelity. During this discussion, Hentchel also claimed that he had someone watching Rucinsky through her bedroom window, and that he had planted a listening device in her mattress. Rucinsky asked to hear the telephone tap tapes. Although Hentchel agreed to produce the tapes, he never did. Likewise, no one was discovered watching Rucinsky throughher bedroom window, and no listening device was discovered in her mattress. As a result, Rucinsky did not take Hentchel’s claims seriously. However, four years later, on February 8, 1992, Hentchel’s wife, Julie, discovered the tapes hidden under lock and key in a dresser drawer. Julie Hentchel then shared her discovery with Rucinsky. Four years after Hentchel made his claims, Rucinsky had proof that the tapes existed and that her privacy had been invaded.
On November 23, 1992, within nine months of hearing the tapes for the first time, Rucinsky filed her complaint claiming Hentchel violated her privacy by recording her phone conversations.
Pursuant to Rule 11, M.R.Civ.P., a complaint must be “well grounded in fact.” Rucinsky’s complaint could not have possibly been well grounded in fact had she filed within the three year period from the time Hentchel claimed he had recorded her telephone calls, spied on her bedroom, and bugged her mattress. However, the complaint Rucinsky filed on November 23, 1992, was clearly well grounded in fact, given Julie Hentchel’s discovery.
For the purpose of statutes of limitation, a cause of action accrues when all the elements of the cause exist and the right to maintain an action on the cause is complete. Section 27-2-102(l)(a), MCA. Invasion of privacy constitutes a wrongful intrusion into private activities that outrages a person of ordinary sensibilities and causes mental suffering, shame, or humiliation. Sistok v. Northwestern Telephone Systems, Inc. (1980), 189 Mont. 82, 92, 615 P.2d 176, 182. The elements of this cause of action came into existence when Rucinsky heard the tapes for the first time on February 8, 1992. Prior to this time Rucinsky understandably dismissed Hentchel’s claim of phone tapping, as she did his other false claims.
*508 A statute of limitations is tolled when a defendant fraudulently conceals the facts constituting the claim or prevents the injured party from discovering the injury or its cause. The statute remains tolled until the cause of action is discovered or could have been discovered through due diligence. Section 27-2-102(3)(a) and (b), MCA; see also Knight v. City of Missoula (1992), 252 Mont. 232, 239, 827 P.2d 1270, 1274; Johnson v. St. Patrick’s Hospital (1966), 148 Mont. 125, 129, 417 P.2d 469, 471. Although Hentchel promised to deliver the tapes to Rucinsky in 1988, he failed to deliver. Instead, he kept the tapes locked away and concealed from not only Rucinsky, but also from his wife, whose phone conversations he had also recorded. By failing to deliver the tapes as promised, and by concealing the tapes under lock and key thereafter, Hentchel prevented Rucinsky from discovering the injury or its cause. This constitutes fraudulent concealment sufficient to toll the statute of limitations until February 8, 1992.
I would reverse the District Court’s granting of Hentchel’s motion for summary judgement.
JUSTICE TRIEWEILER joins in the foregoing dissent.